UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARI L. LARSON,<br><br>Plaintiff,<br><br>vs.<br><br>QUILLAYUTE VALLEY SCHOOL DISTRICT No. 402, BRIAN WEEKES, and his marital community,<br><br>Defendants. | No. 24-5716<br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW** Plaintiff, Kari Larson, by and through her attorneys of Record, Daniel C. Gallagher and Gallagher Law Office PS, and claims as follows:

**INTRODUCTION**

1.1 Plaintiff Kari Larson brings this action on behalf of herself.



**GALLAGHER LAW OFFICE PS**
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

1.2 Defendant, QUILLAYUTE VALLEY SCHOOL DISTRICT, is a public school district located in Forks, Clallam County, Washington.

1.3 Defendant BRIAN WEEKES was employed as a teacher and coach by QUILLAYUTE VALLEY SCHOOL DISTRICT, and upon information and belief is a resident of Clallam County, Washington.

1.4 Defendant QUILLAYUTE VALLEY SCHOOL DISTRICT employed Plaintiff initially in autumn 2017 as an assistant cross country coach. This lawsuit arises out of Defendants' hostile work environment and sexual harassment and sexual assault of Plaintiff.

**JURISDICTION AND VENUE**

2.1 Jurisdiction. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1367 and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2.2 Venue. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 and because Defendant QUILLAYUTE VALLEY SCHOOL DISTRICT is located in this jurisdiction, and the events which gave rise to this lawsuit occurred in Clallam County, Washington, within the Western District of Washington.

2.3 Governing Law: The claims of Plaintiff asserted in this complaint are brought under federal causes of action and federal law applies.

2.4 Jurisdictional Prerequisites: All conditions for jurisdiction under 42 U.S.C.A § 2000e-16 have been met. Plaintiff timely filed a formal charge of employment discrimination with the EEOC and filed this action within 90 days of receipt of the Right to Sue letter.

**PARTIES**

3.1 Plaintiff Kari L. Larson at all times relevant to the facts giving rise to this lawsuit resided in Clallam County, Washington and has been employed by Defendant in Clallam County since 2017.

3.2 Defendant QUILLAYUTE VALLEY SCHOOL DISTRICT is a political subdivision of the State of Washington located in Clallam County, Washington.



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

3.3 Defendant BRIAN WEEKES is employed by QUILLAYUTE VALLEY SCHOOL DISTRICT as a teacher and cross country coach at all times relevant to the facts giving rise to this lawsuit and is, upon information and belief, a resident of Clallam County, Washington.

## FACTUAL ALLEGATIONS

4.1 Plaintiff began her employment with Defendant QUILLAYUTE VALLEY SCHOOL DISTRICT (hereinafter 'QVSD') in autumn 2017 working as an assistant cross country coach supervised by Defendant Brian Weekes.

4.2 Soon after Plaintiff was hired in 2017, Defendant Weekes began grooming her with sexual innuendo and improper personal contact. Defendant Weekes took advantage of Plaintiff's youth and naivety, as well the authority gained through his long history in the QVSD, to pressure Plaintiff to accept his offensive and unlawful conduct.

4.3 Due to team travel for away meets, Plaintiff was often required to be in close physical proximity to Defendant Weekes. For example, on one occasion Plaintiff accompanied Defendant Weekes in his vehicle ostensibly to scout for potential trails on the mainline gravel road by the Reade Hill trailhead south of Forks. During the ride, Defendant Weekes asked Plaintiff whether she wanted him to show her how he picked up girls when he was younger. Plaintiff declined the offer saying 'no' but Defendant Weekes demonstrated his 'player' skills to Plaintiff anyway. Defendant Weekes pointed in one direction and told Plaintiff to 'look' where he pointed while he pulled Plaintiff's body to his so that they were nose-to-nose.

4.4 On January 11, 2019, Plaintiff was staying at the Sheraton Airport Hotel in Portland, Oregon. The QVSD paid for Plaintiff and Defendant Weekes to attend the Nike Northwest Track & Field Clinic. Defendant Weekes invited Plaintiff to watch a movie in his room. Defendant Weekes had been Plaintiff's soccer coach when she was in elementary school and had coached her siblings as well. Plaintiff believed that Defendant Weekes was a family friend and trusted him because of that history. Soon after Plaintiff arrived, Defendant groped Plaintiff's genitals terrifying Plaintiff, who froze in place but left as soon as she could move.



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

4.5 The very next morning Defendant Weekes asked Plaintiff via text whether she needed any help in the shower. Plaintiff texted Defendant Weekes telling him to never say anything like that again.

4.6 When Plaintiff saw Defendant Weekes later that day, he asked her to promise never to tell anyone what he had done to her because 'you could ruin my life.' Nonetheless, the sexual harassment did not abate.

4.7 On October 14, 2022, Defendant Weekes fondled Plaintiff's legs under a restaurant table while they were attending the DAM Worth It Invitational cross country meet in Castle Rock, Washington. Plaintiff pushed his hands away but Defendant Weekes persisted. Defendant Weekes asked Plaintiff if she thought people would think they were a couple or dating. Upon information and belief, Defendant Weekes was 59 and married with children at the time.

4.8 On or about November 3, 2022, Plaintiff and Defendant Weekes were attending the Washington State Cross Country Championships in Pasco. The coaches took the team to the Columbia Center in Kennewick where Defendant Weekes asked whether Plaintiff would wear a revealing dress at the Macy's store. Plaintiff refused. Defendant Weekes followed up his effort with text messages saying, 'I still want to see you in that dress' and 'If I bought it would you wear it?'

4.9 On December 8, 2022, Defendant Weekes instructed Plaintiff to accompany him to his classroom ostensibly to witness him securing the cash box from the concession stand following a meet at Forks High School. Defendant Weekes took the opportunity to kiss Plaintiff and hug her once they were alone. Plaintiff tried to push him away and disengage from his offensive physical contact. Plaintiff is unaware of any previous practice at QVSD of having a witness to Mr. Weekes 'securing' the cash box from concessions.

4.10 Despite Plaintiff having declined Defendant Weekes' invitation to accompany him to the 2023 Nike Northwest Track & Field Clinic, Defendant Weekes did register her for the clinic anyway. Plaintiff was determined not to accompany Defendant Weekes to the clinic



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

where he had the year before sexually assaulted her. Plaintiff learned that she had been registered against her will when she received an email from the office on January 19, 2023, requesting that she and Defendant Weekes pick up folios at the Sheraton Hotel while at the clinic. Defendant Weekes texted Plaintiff at 8:09 a.m. that day telling her 'We are set for Nike.'

4.11 On January 26, 2023, Defendant Weekes sexually assaulted Plaintiff by grabbing her buttocks after again requesting that she witness him secure the cashbox. Once they were alone in his classroom, he sexually assaulted Plaintiff. Plaintiff resisted the offensive and unlawful assault and battery and attempted to pull away.

4.12 On February 11, 2023, Defendant Weekes stalked Plaintiff when he drove to the Forks Visitor Center where Plaintiff worked. Plaintiff received an email from Defendant Weekes at 6:45 p.m. that evening in which he stated, "I stopped by to see you it said closed your car was there and a blue car but I didn't see anyone so a (sic) left."

4.13 Defendant Weekes sent numerous offensive electronic messages via text and email laden with leud sexual innuendo including repeated references to "Taco Tuesday" asking Plaintiff to treat him to tacos. Defendant Weekes also sent Plaintiff electronic images of tacos including emojis and pictures. On March 14, 2023, Defendant Weekes left Plaintiff, unannounced and uninvited, a plate of tacos at the Forks Visitor Center where she worked. The only other food item Defendant Weekes ever suggested was pizza for the team – never tacos.

4.14 For example, on August 29, 2023, Defendant Weekes sent to Plaintiff an email stating, "Taco Tuesday your treat" accompanied by an emoji of a face with a tongue sticking out. This combination is a known reference to oral sex.[1]

4.15 On or about May 12, 2023, Defendant Weekes invited track coach Pam Gale to his classroom and began to gossip about Plaintiff telling lies about her in order to undermine her credibility should she finally step forward and formally report his unlawful sexual harassment. Defendant Weekes told Pam Gale that he thought Plaintiff had a drinking problem

---

[1] Pratt, Joseph. "A Parent's Guide to Inappropriate Emojis." Gabb, Gabb Wireless Inc., 13 July 2023, gabb.com/blog/emoji-meaning-chart/.



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

and wanted to get pregnant. Bizarrely, Defendant Weekes told Ms. Gale that Plaintiff wanted to have a baby and announced that he had seen his doctor and was told he was healthy and would live to be at least 100, impliedly volunteering to impregnate Plaintiff. Defendant Weekes' offensive comments about Plaintiff were entirely false.

4.16 On August 4, 2023, Defendant Weekes again stalked Plaintiff by sending her a series of texts at 9:37-9:43 a.m. asking her to come out of the Forks Visitor Information Center building where she was working. Defendant Weekes texted Plaintiff from the parking lot outside the building. Terrified, Plaintiff hid in the restroom to avoid being seen by Defendant Weekes. Plaintiff hid, shaking and crying alone in the bathroom until her coworkers arrived at 10:15. While she cowered in the restroom Plaintiff called her mother, Wendy Larson, and asked what she should do. They discussed calling the police. Plaintiff finally left the restroom at 10:15 a.m., when she heard her coworkers arrive. Plaintiff's coworkers expressed concern over Plaintiff's obvious distress. While Plaintiff was still at work, Defendant Weekes texted her again at 4:34 p.m. asking her to come over and talk to him. Plaintiff texted Defendant Weekes at 10:00 p.m., and told him not to contact her. To this day Plaintiff is afraid that Defendant Weekes may stalk her again.

4.17 Defendant Weekes retaliated against Plaintiff for her opposition to his offensive sexual harassment by removing her name as 'Cross Country assistant coach and Track & Field Assistant' from the Athletic.net website. Only Plaintiff, Pam Gale and Defendant Weekes were registered with the website and had access to make the change.

4.18 Plaintiff has been significantly harmed by Defendant Weekes repeated pattern of offensive and unlawful communications and sexual assault and battery.

4.19 Upon information and belief, QVSD administrators were aware of complaints and allegations regarding Defendant Weekes inappropriate physical contact with middle school and high school girls. For example, on April 16, 2019 at approximately 4:45 p.m., Ms. Gale surprised Defendant Weekes in the darkened weight room on school grounds when she was locking down the school. Defendant Weekes had his hand inside the female high school



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

student's shorts while she was up against a wall with the lights off. Ms. Gale immediately reported the misconduct to Assistant Superintendent Kyle Weakley and requested that they review the video from the incident as the area is monitored. When Ms. Gale showed up for the meeting Mr. Weakley had a section of video to review but not the correct time stamp. When Ms. Gale pointed out that the video was incomplete Mr. Weakley informed her that they would pull the correct footage and review that when it was available. Ms. Gale was not contacted again about the incident. Ms. Gale's report of Defendant Weekes misconduct was made years before he sexually assaulted Plaintiff. Despite receiving a direct report of Defendant Weekes' predatory behavior from Ms. Gale, QVSD took no action to investigate Defendant Weekes or discipline him prior to Plaintiff's complaint in December 2023. Upon information and belief, the parents of the student were never notified of Mr. Weekes' misconduct.

4.19 On December 11, 2023, Plaintiff delivered her formal complaint of Defendant Weeke's sexual harassment of her to QVSD. QVSD thereafter initiated an investigation which is apparently ongoing. Upon information and belief, Defendant Weekes continues to be employed by QVSD.

## V. FIRST CLAIM FOR RELIEF

**Sex Discrimination – Title VII**

5.1 Plaintiff realleges the preceding paragraphs as though fully set forth herein.

5.2 Defendants' sexual harassment of Plaintiff and maintenance of a hostile work environment on the basis of Plaintiff's gender constitutes sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e.

5.3 As a result of Defendants' unlawful acts, Plaintiff has been deprived of her rights and privileges under the law and has suffered and continues to suffer damages in an amount to be determined at trial.

## VI. SECOND CLAIM FOR RELIEF

**Retaliation – Title VII**

6.1 Plaintiff realleges the preceding paragraphs as though fully set forth herein.

6.2 Defendants actions constitute retaliation against Plaintiff for having engaged in



GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557

protected activities including opposing Defendant Weekes' discrimination via sexual harassment and for opposing a hostile work environment on the basis of her gender in violation of Title VII, 42 U.S.C. section 2000e.

## VII. JURY DEMAND

Plaintiff demands that this matter be tried before a jury.

## VIII. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff prays for relief as follows:

A. For judgment against Defendants, jointly and severally, and an award of damages for mental anguish and emotional distress and for special damages in an amount to be proven at trial for violation of Title VII.

B. Awarding attorneys' fees and costs pursuant to applicable Washington state and U.S. law under Title VII.

C. Awarding prejudgment interest on back-pay and accrued interest on the judgment;

D. Awarding such other and further relief as the court deems just and equitable.

DATED this 29th day of August, 2024.

GALLAGHER LAW OFFICE, P.S.

By: /s/ Daniel C. Gallagher, WSBA #21940

Daniel C. Gallagher, WSBA #21940
Email: dan@nwprolaw.com
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
Tel and Fax: (206) 855-9310

*Of Attorneys for Plaintiff*