1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8    KARI L. LARSON,                          CASE NO. 3:24-cv-05716

                            Plaintiff,         ORDER

9          v.

10   QUILLAYUTE VALLEY SCHOOL
     DISTRICT No. 402, BRIAN WEEKES,
11   and his marital community, KYLE
     WEAKLEY, and his marital community,
12
                            Defendant.
13

14          THIS MATTER is before the Court on Defendants Quillayute Valley School

15   District ("QVSD") and Kyle Weakley's motion for leave to file an amended answer, Dkt.

16   75, and Plaintiff Kari Larson's motions for sanctions against QVSD, superintendent

17   Diana Reaume as corporate representative, and QVSD's attorney, Duncan Fobes,

18   (together, "The District"), Dkts. 77 and 89.

19          Larson asserts claims for sexual abuse and harassment against Brian Weekes, and

20   claims for hostile work environment, retaliation, and negligent supervision and retention

21   against QVSD and QVSD's employee Kyle Weakley. The present motions do not

22

concern the merits of the lawsuit, however, but center on the District's pleadings and discovery conduct.

Larson argues that she is entitled to default judgment on liability pursuant to this Court's inherent powers and those provided by Federal Rule of Civil Procedure 37, for the District's involvement in withholding a key "smoking gun" email that was discovered only after she subpoenaed documents from a third party investigator. Dkt. 77 at 2. Larson further contends that the District failed to comply with this Court's orders in a hearing on October 9, 2025, by withholding thousands of pages of documents in response to Request for Production ("RFP") No. 37, improperly redacting documents, and failing to provide a key identifier and privilege log. *Id*. She asserts that the District continues to produce documents responsive to RFP Nos. 1 and 11, despite representing to the Court that all responsive documents to those requests were complete. *Id.*

Larson also moves for sanctions under Federal Rule of Civil Procedure 11, Dkt. 89, contending that the District's counsel, Duncan Fobes, failed to perform a reasonable conflict check before agreeing to represent it, and that the District's denial of paragraph 4.19 in its answer to Larson's amended complaint was not based on a reasonable inquiry of the facts. *Id.* at 1–2.

The District counters that Larson was never "entitled" to the email in discovery. Dkt. 99 at 2. It asserts that the email is "work product," that its contents are repetitive of information contained in previously produced documents, and that the email is not even responsive to Larson's discovery requests. *Id.* at 1–2, 8. It also argues that it fully

1   complied with the Court's orders by hiring five full-time employees to produce

2   documents in batches as quickly as possible. *Id.* at 3.

3       The District[1] seeks leave to amend its answer, proposing to modify its denial to

4   factual allegation 4.19 of Larson's complaint without conceding the original was

5   improper, and to withdraw or modify three affirmative defenses, Dkt. 75. It contends that

6   Larson will not be prejudiced by the proposed amendments and that it will narrow the

7   issues for trial. *Id.* at 4.

8       The Court heard oral argument on December 16, 2025. The Court granted the

9   District's motion for leave to file an amended answer, Dkt. 75, granted Larson's motion

10  for sanctions under Rule 37 and its inherent authority, Dkt. 77, and denied Larson's

11  second motion for sanctions under Rule 11, Dkt. 89. This Order more fully explains the

12  Court's rulings.

### I.   FACTUAL BACKGROUND

14      In January 2019, Forks High School girls assistant cross country coach, Kari

15  Larson, alleges that she was sexually assaulted by head coach Weekes in his hotel room,

16  beginning a pattern of sexual harassment that occurred over the course of her

17  employment. Dkt. 1. In August 2024, Larson sued Weekes and QVSD, alleging claims of

18  sexual harassment and retaliation. Dkt. 1. In March 2025, Larson served her first set of

19  discovery requests. Dkt. 102 at 2. She contends that the District's responses to those and

20  many subsequent discovery requests were inadequate and made in bad faith. She seeks

---

22      [1] Only the Defendants QVSD and Weakley seek to amend their answer, but for
    simplicity, the Court also refers to them as "the District."

sanctions for the District's conduct in withholding documents and for improperly denying in its pleadings that it had knowledge of allegations of inappropriate conduct involving Weekes. Her motions focus primarily on an allegedly withheld email sent by QVSD's superintendent Reaume to QVSD's insurer, the Washington Schools Risk Management Pool ("WSRMP")[2], which Larson later subpoenaed and received from a third party investigator.

The Court presents the facts necessary to resolve the pending motions, beginning with the circumstances surrounding the email and how Larson obtained it. The Court then chronicles Larson's efforts to obtain discovery and the District's responses, which ultimately led the Court to impose sanctions.

**A.    Superintendent Reaume's 2019 email about multiple reports of a "potential boundary invasion" by Weekes**

In April 2019, two Forks High School track coaches, Pamela Gale and Robin Poole, reported multiple instances of Coach Brian Weekes's alleged "inappropriate" touching of female middle school and high school track athletes to QVSD's Athletic Director, Assistant Superintendent, and Title IX Coordinator, Kyle Weakley. Dkt. 79-2 at 3. Weakley informed Reaume of the allegations and investigated, reviewing surveillance videos at the time of the alleged incident. *Id*. Weakley concluded that the videos did not substantiate the allegations and took no further steps to investigate. *Id.* at 5. Weakley later

---

[2] The WSRMP is a self-insuring risk pool for school districts that provides shared liability coverage. Dkt. 100 at 4. It is not an insurance company per se but the obligation to put it on notice of potential claims is the same. *Id.*

1  testified that he was unable to find any notes or documents concerning his investigative

2  process or findings. *Id*. at 7.

3       On April 25, 2019, Reaume emailed Cai Hadfield, an insurance adjuster with the

4  WSRMP, informing her of the following:

5       I have a report of a potential boundary invasion of a high school male coach
        with several female high school and junior high school athletes. I am going
6       to need some assistance, please. I usually work with Duncan Fobes.

7       Here is the information:

8       Employee: Brian Weekes (been with the district for over 30 years, as a
        certified teacher and coach)
9       Track and Field Coach

10      Two other coaches reported the following:

11      1. Coach Weekes has been seen following high school girl athletes around,
        massaging their shoulders, thighs, etc.
12      2. He was seen in the weight room with lights [off] with one student athlete
        (female) – S.[] M.[], massaging her shoulders, on April 16th
13      3. On April 24th, he massaged S[]'s thighs on a bench near the track. She
        was on her belly and he had both hands on her behind.

14
        We are going to pull video tapes at various locations to see if we have any of
15      these captured.

16  Dkt. 78-1. Reaume then forwarded the email to QVSD's counsel, Duncan Fobes, who

17  acknowledged receipt. *Id.*

18      The next day, Weakley sent a "Letter of Direction" to Weekes requiring him to

19  "[r]efrain from having any physical contact with Forks High School and Junior High

20  School female athletes." Dkt. 43-5. Weakley also spoke with Weekes in his classroom

21  and sent Weekes an email thanking him for the conversation and confirming QVSD's

22  request that "[m]oving forward," Weekes refrain from having any physical contact with

female athletes. Dkt. 43-6 at 1; Dkt. 79-2 at 7. Weekes responded to Weakley's email the next day, complaining that this restriction "really puts a damper on my coaching." *Id.* He explained that he felt "a bit frustrated, undercut, back stabbed and falsely accused." *Id.* Over the next few days, Weakley and Weekes exchanged several emails. *Id.* at 1–2. Weakley forwarded the thread to Superintendent Reaume, requesting guidance. Dkt. 43-6 at 2. Weekes was not investigated any further and the investigation was closed.

Approximately four years later, Larson emailed Weakley, notifying him of Weekes's alleged "sexual harassment, including sexual assault . . . [and] recent stalking." Dkt. 106-2 at 5. In response, QVSD placed Weekes on administrative leave, referred the complaint to the local Sheriff's office, and hired a third party investigator, Rick Kaiser, to also investigate Larson's allegations. Dkt. 100 at 5. Over the next two years, Kaiser investigated the claims by interviewing multiple coaches, parents, and students, including Weekes and Gale. Dkt. 106-2, 3.

On August 14, 2024, Kaiser interviewed Gale for the second time, with Reaume present. Dkt. 77 at 8; Dkt. 102-2 at 29. During this interview, Gale provided Kaiser with a written statement, describing what she would testify to, including that she observed Weekes massaging 8th grade girls in the high jump pit "with his hand completely under their shorts"; middle school boys yelling "hey Weekes why don't you massage us like that"; and Weekes in the weight room with a female high school athlete with the lights out. Dkt. 102-2 at 29. Reaume reported Gale's allegations to law enforcement. Dkt. 79-1 at 4.

1       On August 19, 2024, Reaume emailed Kaiser and Fobes an attached copy of the

2   2019 email she had sent to WSRMP and Fobes, stating, "Please see the attached email

3   from 2019, regarding [Brian Weekes]. Dkt. 106-4 at 1. That same day, the meta data

4   shows the email was printed.[3] *Id.*

5       On August 29, 2024, Larson sued QVSD and Brian Weekes for sexual

6   discrimination and retaliation under Title VII. Dkt. 1. The complaint included the

7   following factual allegation:

> 4.19 Upon information and belief, QVSD administrators *were aware* of
> complaints and allegations regarding Defendant Weekes inappropriate
> physical contact with middle school and high school girls. For example, on
> April 16, 2019 at approximately 4:45 p.m., Ms. Gale surprised Defendant
> Weekes in the darkened weight room on school grounds when she was
> locking down the school. Defendant Weekes had his hand inside the female
> high school, Larson student's shorts while she was up against a wall with the
> lights off. Ms. Gale immediately reported the misconduct to Assistant
> Superintendent Kyle Weakley and requested that they review the video from
> the incident as the area is monitored. When Ms. Gale showed up for the
> meeting Mr. Weakley had a section of video to review but not the correct
> time stamp. When Ms. Gale pointed out that the video was incomplete Mr.
> Weakley informed her that they would pull the correct footage and review
> that when it was available. Ms. Gale was not contacted again about the
> incident. Ms. Gale's report of Defendant Weekes misconduct was made
> years before he sexually assaulted Plaintiff. Despite receiving a direct report
> of Defendant Weekes' predatory behavior from Ms. Gale, QVSD took no
> action to investigate Defendant Weekes or discipline him prior to Plaintiff's
> complaint in December 2023. Upon information and belief, the parents of the
> student were never notified of Mr. Weekes' misconduct.

*Id.* at 6–7 (emphasis added). QVSD denied the allegation in its answer to the complaint.

Dkt. 7 at 3.

---

[3] The District asserts that the print date likely reflects the fact that Reaume printed the document to pdf before attaching it to her email. Dkt. 104 at 14.

On February 24, 2025, Larson amended her complaint by stipulation, adding Kyle Weakley as a Defendant and asserting the following claims against the Defendants QVSD and Weakley: hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law Against Discrimination ("WLAD"); retaliation under Title VII and WLAD; and negligent retention and negligent supervision under Washington state law. Dkt. 19 at 8–11. The amended complaint reasserted paragraph 4.19 with a few changes, including the following additional sentences:

> When Ms. Gale went directly to QVSD Superintendent Diana Reaume with the information about Mr. Weekes' misconduct she refused to listen to Ms. Gale but was directed back to AD Kyle [Weakley].

> On other occasions, Defendant Weekes had his hands inside female middle school students' shorts at the school track high jump pit ostensibly massaging their muscles as the girls lay across the mat.

*Id.* at 7–8. The District's Answer again denied the allegation. Dkt. 24 at 3.

**B.    Larson's Discovery Requests and the District's Responses**

On March 11, 2025, Larson filed her first discovery requests. Dkt. 102 at 2. Larson argues that Reaume's email to WSRMP (and forwarded to Fobes) should have been produced in response to the following discovery requests:

> **INTERROGATORY NO. 2**: IDENTIFY ALL DOCUMENTS that include complaints of discrimination against YOU, including but not limited to lawsuits for the last 10 years. For EACH such action, state the court, venue, cause number, outcome, and a brief description of the allegations made against YOU or by YOU.

Dkt. 43-2 at 2. The District objected to this demand as being overly broad and unduly burdensome, and then provided brief summaries of "all sexual harassment or boundary invasion-based discrimination complaints received in the past ten years." *Id.* The

1   summaries did not list employees' full names, but rather used initials, and most students

2   and parents were also referred to by initials. *Id.* at 2–6. The District did not a include a

3   summary of Gale's and Poole's 2019 reports about a "potential boundary invasion"

4   involving Weekes. *See* Dkt. 78-1.

5          The District also objected to producing any documents used to answer this

6   interrogatory as requested in RFP No. 1, asserting that the documents were protected by

7   attorney-client privilege, the work-product doctrine, and FERPA. *Id.* at 9. The District

8   did not provide a privilege log. Dkt. 42 at 3.

9          **Interrogatory No. 11**: State whether there was ever any complaint
10         whatsoever from a student, parent, staff, or other individual regarding
           DEFENDANT BRIAN WEEKES and his employment or job duties with
11         QVSD. If so, please provide the name of the complainant, contact
           information of the complainant, date of the complaint, any other involved
12         parties, circumstances of the complaint, and any disciplinary action taken as
           a result of the complaint.

13  *Id.* at 6–7. The District made general objections, and then referred Larson to its response

14  to RFP No. 11. *Id.* at 7. When responding to RFP No. 11, the District produced

15  documents relating to only *Larson's* complaint against Weekes. *Id.* at 4. It did not

16  produce any documents relating to Gale's or Poole's reports.

17         **Interrogatory No. 17**: IDENTIFY all documents collected by YOU or any
           other entity or individual in response to complaint(s) made regarding Brian
18         Weekes including, but not limited to, all documents collected or created
           during investigations by YOU or QVSD staff and/or third parties hired to
19         perform investigations of Brian Weekes by YOU.

20  Dkt. 43-2 at 8. The District asserted the same general objections, as well as objections

21  based on attorney-client privilege. *Id.* It also referred Larson to RFP No. 28, where it

22  asserted that the documents were protected by "attorney-client communication or work

product privileges," that the request sought a legal response rather than information, and that the request concerned information from third parties. *Id.* at 12. No privilege log was produced.

On April 25, 2025, the District disclosed Weakley's 2019 Letter of Direction sent to Weekes, as well as the subsequent email correspondence between Weakley and Weekes concerning the District's directive to stop stretching female athletes. Dkt. 102 at 2.

On May 23, 2025, Larson filed a second set of discovery requests, which included RFP No. 33:

> Produce any and all documents regarding the investigation, if any, into the complaint brought by Pam Gale concerning Brian Weekes and a female student in the weight room on April 16, 2019.

Dkt. 109-1 at 9. On June 23, 2025, the District disclosed Gale's written statement, and the police report triggered by QVSD's referral of Gale's allegations. Dkt. 102 at 2.

That next week, the parties' deposed Gale, Reaume, and Weakley, using Gale's written statement. *See* Dkts. 79-1, 2, 3. Larson's counsel asked Reaume, "This is the statement of Pam Gale . . . on August 14, 2024. Do you agree that that's about when you received this statement?" Dkt. 101-1 at 1. Reaume confirmed. *Id.* The following exchange then occurred:

> Q: There's a few incidents that are reported in this statement. . . .
> She reported that that happened on April 16th, 2019. Is that your understanding?
> A: *That is my understanding.*
> Q: *And is this the first time* that you heard about that incident on April 16th, 2019?

A: I was aware that she had reported incidents to Kyle Weakley, her supervisor, sometime back in 2019; but I did not know the specifics that a student – another student had – the first incident that you referred to with the middle school student yelling out, and the weight room with lights out and that he was with somebody by himself.

Q: *So you first heard about that in 2019*?

A: *The specifics of it, yes.*

Q: Why didn't you report that in 2019?

A: *No. I did not know about it in 2019.* Let me clarify. I learned about it on August the 14th when she provided the formal statement.

Dkt. 101-1 at 1–2 (emphasis added). Reaume later declared, "I was aware of what [Gale] told the District in 2019 but I was not aware, because no one was aware, of the additional claims [Gale] made for the first time in writing in 2024." Dkt. 100 at 5.

Throughout August, September, and October, the parties' disputed multiple discovery issues.[4] On August 12, 2025, Larson's counsel sent a letter detailing several deficiencies in the District's discovery responses. *See e.g.*, Dkt. 43-9 at 2 (noting that "there were additional complaints made against Defendant Brian Weekes that were not documented" in the District's response to Interrogatory No. 11).

The parties held a discovery conference on August 20, 2025, and the District's counsel agreed to provide documents relating to discrimination complaints in response to Interrogatory No. 2. Dkt. 40 at 4. The District produced 1,009 pages in response to this request. *Id.*

---

[4] Also in August, Coach Poole was deposed. Dkt. 79-4 at 1. When Poole contacted the District's counsel to schedule his deposition, he questioned the purpose. Dkt. 102 at 3. The District's counsel sent him a copy of Larson's publicly available amended complaint. *Id.*

That same day, Larson's counsel sent a letter summarizing the parties' conference and again challenging the sufficiency of the District's discovery responses. Dkt. 77 at 9; Dkt. 43-10 at 3. It stated:

> [A]s discussed above, you indicated that you would not be supplementing your responses regarding the oral complaints made by Pam Gale and [Robin Poole] in 2019 to Defendant Weakley because we are already aware of those complaints and you have produced any and all documents related to those complaints, which isn't much.

Dkt. 43-10 at 3. Larson's counsel suggested involving a discovery master to ensure that the District disclosed all relevant requested production. *Id.* at 4.

On August 21, 2025, Larson served the District with a fourth set of discovery requests, including RFP No. 37, which requested that the District complete the following:

> Produce all DOCUMENTS or WRITTEN COMMUNICATIONS between Defendant QVSD, including Diana Reaume, Defendant Weakley, and/or Defendant Weekes regarding Kari Larson, any of the named witnesses in Plaintiff's initial disclosures, or any of the claims, settlements, or lawsuits previously disclosed by QVSD in its Answer to Interrogatory No. 2 for the relevant time period.

Dkt. 41-1 at 10. The District asked Larson to narrow RFP No. 37. Dkt. 40 at 5.

The District also objected to providing Kaiser's complete investigative file, claiming that his investigation was ongoing. Dkt. 77 at 11. Larson's counsel subpoenaed the file directly from Kaiser, who produced it on the evening of September 8, 2025. *Id.* As part of that production, Kaiser included the 2019 email that Reaume sent Kaiser in August 2024. *Id.*

On September 8, 2025, the District moved for a protective order, arguing that Larson's RFP No. 37 was overly broad. Dkt. 40 at 1–2. The District also requested

additional time to provide notice to students and parents before disclosing student names, as required under FERPA. *Id.* at 8. Larson opposed the motion, contending that the District failed to comply with Rule 26's meet and confer requirements, failed to identify any relief upon which a protective order is meant to provide, and failed to timely file the motion. Dkt. 44 at 1.

On the same day that the District filed its motion for a protective order, Larson filed a motion to compel, arguing that the District failed to satisfy her discovery requests. Dkt. 42 at 1. She contended that all her requests were relevant to her claims, and that, because the District never filed a privilege log, its assertions of privilege should be waived. *Id.* at 11–13. She requested that the Court order the District to produce any withheld documents within 14 days of the Order. *Id.* at 14. The District opposed the motion, contending that counsel had "fully responded to Plaintiff's discovery requests," except for providing a student key with identifiers. Dkt. 50 at 1.

At some point in September, Fobes reviewed the District's discovery responses, and noticed that it had not yet provided a privilege log. Dkt. 102 at 4. Fobes reached out to district employees and "requested all privileged communications relating to investigation of Pam Gale's 2019 and 2024 complaints and Kari Larson's complaints in August and December 2023." *Id.* Fobes received the documents, including Reaume's email, on or about September 17. *Id.* Upon reviewing the email, Fobes recognized it as protected as an incident report to an insurer under *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). *Id.* Fobes directed his staff to redact the email and issue a privilege log with objections. *Id.* at 4–5. The District sent a discovery response, including

1    the email and privilege log, to Larson's counsel on September 23, 2025. *Id.*; *see* Dkt.

2    102-7 at 2–3.

3         On October 9, 2025, the Court held a hearing on the discovery motions. Larson's

4    counsel argued that it was still seeking responses to Interrogatories Nos. 2, 11, and 17 and

5    RFP Nos. 1, 11, 23, and 28. Larson's counsel explained that they knew the District was

6    withholding documents because they had uncovered Reaume's "smoking gun" email in

7    Kaiser's subpoenaed documents. Dkt. 60 at 14. Counsel also asserted that the District had

8    yet to produce a key to identify the redacted documents nor a privilege log for the

9    thousands of documents that the District had not yet produced. Dkt. 60 at 10, 30. The

10   Court ordered the District to produce the key. *Id.* at 30.

11        The District's counsel committed to working cooperatively with Larson's counsel

12   to narrow RFP No. 37 to a manageable number of documents and to provide the student

13   identifier key. Dkt. 60 at 29, 31. The District also withdrew its motion for a protective

14   order. Dkt. 59.

15        Kaiser was deposed on October 23, 2025. Dkt. 102 at 3. Larson's counsel used

16   Reaume's email as an exhibit, pointing out the date and contents of the email. Dkt. 91 at

17   2. Fobes declared that this was the first time he realized that the April 2019 email had

18   been provided to Kaiser. Dkt. 102 at 5. Fobes chose not to supplement discovery because

19   the District had already produced the email in redacted form while asserting privilege on

20   September 23, and Larson plainly possessed the unredacted version and used it as an

21   exhibit in Kaiser's deposition. *Id.*

22

On October 28, 2025, Larson's counsel and the District's counsel had a conference call regarding the narrowing of Larson's discovery requests and the recently discovered email. Dkt. 78 at 2. Larson's counsel, Daniel Gallagher, declares that during the call, Fobes indicated he "forgot" about the email and also admitted that no privilege applied. *Id.* at 2–3. On October 29, 2025, Larson served a copy of the motion for sanctions and supporting declarations on the District. Dkt. 91 at 2. The motion notified the District that under the Rule 11 safe harbor rules, it had 21 days to correct its denial to paragraph 4.19 of the amended complaint Dkt. 102 at 5. Fobes alleges that Gallagher told him that this would require the District to file a motion to amend its answer. *Id.*

## C.    Procedural History

On November 17, 2025, the District filed a motion seeking relief to amend, Dkt. 75, along with a proposed redlined version modifying its response to paragraph 4.19 and withdrawing or amending three affirmative defenses, Dkt. 76. Although the District does not concede its original answer was improper, it argues that narrowing the issues establishes good cause for amendment and that Larson suffers no prejudice from the change. Dkt. 75 at 2.

Also on November 17, Larson filed a motion for sanctions, requesting the Court enter default judgment on liability against the District pursuant to the Court's inherent powers and those provided by Rule 37. Dkt. 77 at 1. Larson argues that the District made a concerted effort to defraud Larson and the Court "by withholding a key 'smoking gun' document that indicates [the] District was aware of allegations in April 2019" against the Defendant Weekes. *Id.* at 2. Three days later, Larson filed a second motion for sanctions

against QVSD, this time under Rule 11. Dkt. 89. She contends that QVSD's counsel violated Rule 11 by failing to perform a reasonable conflict check before agreeing to represent the District in this matter and by denying paragraph 4.19 in response to Larson's complaint and amended complaint. *Id.* at 10–13. As a remedy, Larson asks the Court to enter a default judgment, order the District to pay her attorneys' fees, and pay a penalty to the Court. *Id.* at 15.

On December 16, 2025, the Court held a hearing on the parties' pending discovery-related motions. Following oral argument, the Court granted the District's motion to amend its answer, Dkt. 75, and granted Larson's motion for sanctions, Dkt. 77, with a written order explaining its decision to follow. Rough Draft Transcript of Hearing on December 16, 2025 ("Draft Transcript") at 21, 31. The Court ordered the District to pay reasonable attorney's fees and costs associated with the two motions for sanctions, the motion to compel, and the fees and costs associated with taking any additional depositions that Larson could demonstrate are necessary in light of later produced discovery. *Id.* at 33. The Court directed the parties to submit a joint submission on the issue of sanctions and requested that Larson file a proposed list of those individuals she intended to depose. *Id.* The Court did not set a limit as to the subject matter of the depositions but suggested that each be limited to no more than two hours. *Id.* at 23.

The Court also set a new trial date for May 12, 2026, and extended the discovery deadline for Larson through the end of March. *Id.* at 16, 25. Finally, the Court directed the parties to submit a joint proposal identifying an agreed-upon special master and

1    defining the special master's responsibilities, and ordered the District to pay the special

2    master's fees. *Id.* at 32.

3        The Court evaluates each motion in turn.

## II.    DISCUSSION

**A.    The District may amend its answer.**

6        The District moves to amend its answer to factual allegation 4.19 of Larson's

7    amended complaint, without conceding that its original denial was improper. Dkt. 75 at 2.

8    It argues that it should be permitted to amend because allegation 4.19 (1) violates Rule

9    8's requirement to provide a short and concise allegation amenable to an admission or

10    denial, (2) does not clearly provide the time frame for which the allegation refers, (3) and

11    contains highly subjective terms, including the word "inappropriate," which makes "an

12    answer not reasonably possible." *Id.* It further argues that because it is seeking only to

13    clarify a prior denial with a conditional and partial admission, Larson suffers no

14    prejudice.[5] *Id.* at 3.

15        Larson opposes the motion, contending its untimely. Dkt. 98-1 at 2. She argues

16    that the District waived any arguments attacking the ambiguity and length of paragraph

17    4.19 when it filed an answer to the complaint. *Id.* at 3. She further contends that the

18    District's motion should be denied because it is futile and not brought in good faith. *Id.* at

19    4.

20

21    _____

22        [5] Larson contends that the District also improperly threatened to seek sanctions against Larson under Rule 11. Dkt. 98-1 at 3. The District denies making such a threat. Dkt. 107 at 3 n.3.

1    The Court agrees with Larson that any arguments based on the insufficiency of the

2    complaint's factual allegations should have been made in a motion before filing the

3    District's answer. Rule 12(e) provides that a party may move for a more definite

4    statement of a pleading that is so vague or ambiguous that the party cannot reasonably

5    prepare a response. However, such a motion must be filed "before filing a responsive

6    pleading." *Id.* Because the District raises vagueness concerns only now—well after its

7    responsive pleading—the Court finds this argument unpersuasive.

8         Despite this, the Court agrees with the District that it should be given leave to

9    amend. A district court "shall grant leave to amend freely 'when justice so requires.'"

10   *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed. R. Civ. P.

11   15(a)); *see Forman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be

12   heeded."). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v.*

13   *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In

14   determining whether to grant leave under Rule 15, courts consider five factors: "bad

15   faith, undue delay, prejudice to the opposing party, futility of amendment, and whether

16   the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*,

17   655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party

18   carries the greatest weight. Eminence Cap., 316 F.3d at 1052. Courts must resolve all

19   inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877,

20   880 (9th Cir. 1999).

21        Larson asserts that the District moves to amend in bad faith in order to

22   "preemptively" address her Rule 11 motion before she files it and thus "prevent" her

1  from doing so. Dkt. 98-1 at 4. However, a motion to amend an answer does not

2  automatically cure all sanctionable conduct. That is a separate inquiry. Rather, a

3  defendant files a motion to amend in bad faith by "adding new, but baseless legal

4  theories," *Griggs*, 170 F.3d at 881, or if there is any evidence of a "wrongful motive,"

5  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

6         Here, although the District's terse denial to 4.19 was clearly improper, there is no

7  evidence that the District seeks leave to amend in bad faith. The District does not seek to

8  add "baseless" counterclaims to extend litigation; rather, it seeks to withdraw certain

9  affirmative defenses and clarify its previous factual denial. Although the District's delay

10  in seeking amendment weighs against granting leave, the Court does not view

11  amendment as entirely futile. *See Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping*

12  *Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("Delay alone does not

13  provide sufficient grounds for denying leave to amend."). This plausibly has the intended

14  effect of narrowing the focus of litigation. Notably, Larson acknowledges that she "would

15  not be prejudiced by the late amendment." Dkt. 98-1 at 5. The District's motion to amend

16  its answer is therefore **GRANTED.**

17  **B.    Sanctions are warranted under Rule 37 and the Court's inherent authority.**

18         Larson asks the Court to enter a liability default judgment against the District

19  under Rule 37 and the Court's inherent authority. Dkt. 77 at 1. She contends that the

20  District violated the Court's October 9, 2025, Order requiring production of all remaining

21  responsive documents by the end of October. *Id.* at 19. She further contends that the

22  District continues to produce documents responsive to RFP Nos. 1 and 11 despite

representations that discovery was complete. *Id.* at 18. At the Court's hearing on

December 16, 2025, Larson's counsel added that if the Court is unwilling to grant default

judgment, then "severe" sanctions are warranted because the District is withholding a key

identifier for the recently produced documents, and that the redacted documents,

including those with entire pages redacted, are not identifiable. Draft Transcript at 9–10.

    The District argues that it is complying with the Court's order by producing

documents in batches as quickly as they can be prepared, employing five full-time

employees to aid in the process. Dkt. 99 at 3. At the Court's hearing on December 16,

2025, the District's counsel asserted that production was complete and that it delivered its

final batch of documents responsive to RFP No. 37 that day. Draft Transcript at 15.

However, counsel had no response to its failure to produce a key or produce a functional

privilege log.

    Rule 37 allows for various sanctions for discovery violations, including a party's

failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A);

*see National Hockey League v. Metropolitan Hockey Clubs, Inc.*, 427 U.S. 639, 643

(1976) (Rule 37(b) must be available to penalize those parties who deliberately disregard

orders of this court and "to deter those who might be tempted to such conduct in the

absence of such a deterrent."). Such sanctions may include ordering a party to pay the

reasonable expenses, including attorneys' fees, caused by its failure to comply with the

order or rule. Fed. R. Civ. P. 37(b)(2)(C). A judicial finding that a discovery order has

been violated "is entitled to considerable weight" because the judge presiding over the

case is "best equipped to assess the circumstances of non-compliance." *Payne v. Exxon*

*Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (quoting *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1411 (9th Cir. 1990)).

Rule 37 also authorizes sanctions in the form of an award of reasonable expenses, including attorneys' fees, in connection with motions to compel. Such an award of expenses is mandatory if requested discovery is provided after a motion to compel is filed, unless the moving party "filed the motion before attempting in good faith to obtain the discovery . . . sought without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The District has failed to substantially comply with the Court's October 9, 2025, Order and Larson's discovery requests, including its motion to compel. Although the District provided a key for the batch of documents produced prior to the October hearing, the District failed to provide, or significantly delayed providing, a key or identifier for the documents produced since that date. *See* Draft Transcript at 9; Dkt. 79-8. The Court agrees with Larson's counsel that without any identifiers or key, the produced documents are ultimately not informative, and "might as well" have been withheld. Draft Transcript at 18.

In addition, the District asserts claims of privilege without explanation, failing to properly support its claims. Rule 26(b)(5)(A) requires the party making a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing itself privileged or protected, will enable other parties to assess the claim." Although the District objected

1    to Larson's RFP Nos. 1 and 11 on the grounds that the documents were protected by the

2    attorney-client privilege and the work product doctrine, the District provided no further

3    information. Larson was forced to request a privilege log in her August 2025 letter and

4    again in her motion to compel. The District didn't provide a privilege log until *after* the

5    discovery cutoff date, and even then, the log was facially inadequate. A copy of the

6    privilege log is reproduced below:

**Larson v. Quillayute Valley School District**
**QVSD Fifth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_004463 | QVSD_004464 | Redacted | Confidential Insurer Communication/Work Product |
| QVSD_004465 | QVSD_004466 | Redacted | Confidential Insurer Communication/Work Product |
| QVSD_004467 | QVSD_004468 | Redacted | Confidential Insurer Communication/Work Product |
| QVSD_004469 | QVSD_004470 | Redacted | Confidential Insurer Communication/Work Product |
| QVSD_004471 | QVSD_004471 | Redacted | Attorney Client Privilege; Attorney Work Product; Confidential Insurer Communication/Work Product |
| QVSD_004472 | QVSD_004472 | Redacted | Attorney Client Privilege; Attorney Work Product; Confidential Insurer Communication/Work Product |
| QVSD_004473 | QVSD_004490 | Redacted | Attorney Client Privilege; Attorney Work Product; Confidential Insurer Communication/Work Product |
| QVSD_004491 | QVSD_004530 | Redacted | Attorney Client Privilege; Attorney Work Product |
| QVSD_004531 | QVSD_004565 | Redacted | Attorney Client Privilege; Attorney Work Product |
| QVSD_004566 | QVSD_004664 | Redacted | Attorney Client Privilege; Attorney Work Product |
| QVSD_004665 | QVSD_004708 | Redacted | Attorney Client Privilege; Attorney Work Product |
| QVSD_004709 | QVSD_004710 | Redacted | Attorney Client Privilege; Attorney Work Product; FERPA |
| QVSD_004711 | QVSD_004712 | Redacted | FERPA |
| QVSD_004713 | QVSD_004713 | Redacted | FERPA |
| QVSD_004722 | QVSD_004724 | Redacted | FERPA |
| QVSD_004725 | QVSD_004727 | Redacted | FERPA |
| QVSD_004728 | QVSD_004730 | Redacted | FERPA |
| QVSD_004750 | QVSD_004752 | Redacted | FERPA; Confidential Insurer Communication/Work Product |
| QVSD_004753 | QVSD_004811 | Redacted | FERPA |
| QVSD_004812 | QVSD_004869 | Redacted | Attorney Client Privilege; Attorney Work Product; Confidential Insurer Communication/Work Product |
| QVSD_004870 | QVSD_004989 | Redacted | Attorney Client Privilege; Attorney Work Product |

17    Dkt. 102-7 at 3. The log conveys no useful information. It does not identify the author,

18    the sender, the recipient(s), the date, or any information about the subject matter of the

19    allegedly privileged communications. At the Court's hearing on December 16, 2025,

20    Larson's counsel provided the Court with 32 additional pages of allegedly privileged

21    documents in the same inadequate format. *See* Appendix A. Counsel is too experienced

22    to believe that this is sufficient.

1      Lastly, the District's assurances—both in its briefing and at the October 9, 2025

2  hearing—that it had completed all discovery requests are clearly incorrect, as it continues

3  to produce documents responsive to RFP Nos. 1 and 11. Dkt. 77 at 16. The District's

4  unorganized and delayed responses to discovery, combined with its failure to provide a

5  key identifier or privilege log in violation of the Court's order, support Rule 37 sanctions.

6      Sanctions are also warranted under the Court's inherent authority. Larson contends

7  that the District has engaged in bad faith throughout the litigation, including by

8  intentionally withholding Reaume's email showing that QVSD's administrators were

9  aware of potential boundary invasion reports involving Weekes in April 2019. Dkt. 77 at

10  18. She asserts that the District, including its administrative officials and attorneys, have

11  repeatedly misrepresented to Larson and this Court that the email did not exist. *Id*. at 18–

12  19. Larson emphasizes that the District has yet to produce the document at the time she

13  filed her motion. *Id*. at 19.

14      The District counters that Larson was never entitled to Reaume's email in the first

15  place, contending it is not an undisclosed complaint of sexual harassment, but rather a

16  mandatory "work product claim notice to the District's effective insurer." Dkt. 99 at 2–4.

17  It asserts that it already disclosed and produced the "actual report" of alleged misconduct

18  against Weekes, and all related documents, to Larson four months earlier, in June 2025.

19  *Id.* at 2, 5. The District further contends that when it discovered the email in September

20  2025, it promptly asserted a work product objection and provided Larson with a privilege

21  log. *Id.* at 2. It also argues that Larson's interrogatories or requests for production do not

22  call for discovery of the email. *Id*. at 8. Finally, the District maintains that it engaged in

1   no fraudulent misconduct. It contends that counsel's inability to recall a single email

2   (which was protected by the work product doctrine) among the more than 10,000

3   received over the last six years does not constitute misconduct. The District also asserts

4   that Reaume's deposition testimony was truthful, clarifying that Reaume did not declare

5   she wasn't aware of the 2019 reports of Weekes alleged misconduct, but only that she

6   learned additional details after reviewing Gale's written narrative. *Id.* at 7.

7       To impose sanctions under the Court's inherent authority, the Court must make a

8   finding that defense counsel "willfully abused the judicial process or otherwise acted in

9   bad faith." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1342 (9th Cir. 1982). The Court

10  ordinarily should rely on the rules rather than inherent power, but "if in the informed

11  discretion of the court, neither the statute or the Rules are up to the task, the court may

12  safely rely on its inherent power."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

13  However, such power "must be exercised with restraint and discretion." *Id.* at 44.

14  Consequently, "the 'less severe sanction' of an assessment of attorney's fees" may also be

15  appropriate. *Id.* (quoting Roadway Express, 447 U.S. at 765).

16      Larson is entitled to a sanctions award for her repeated attempts to obtain truthful

17  discovery responses acknowledging the District's knowledge of multiple reports of

18  inappropriate conduct involving Weekes. The District's reasons for not producing the

19  email are unpersuasive. If the District reasonably believed the email to be privileged, it

20  should have identified it with a corresponding privilege log in response to Interrogatory

21  Nos. 2, 11, and 17 and RFP Nos. 1, 11, 28, and 33. In addition, Fobes's excuse that he

22  either "forgot" about the email or could not reasonably be expected to locate it among

1    more than 10,000 emails is woefully inadequate. *See* Dkt. 78 at 2. Reaume sent the email

2    to Fobes, not once, but twice—the first in 2019 and again, in 2024, when she sent it to

3    both Fobes and Kaiser in response to Kaiser's investigation. This was not an obscure

4    matter; it involved reports of inappropriate misconduct against the Defendant Weekes,

5    who is being sued for sexual harassment in this case.

6        Reaume's email should have been produced in response to Larson's repeated

7    discovery requests, letters, discovery conferences, and her motion to compel. The Court

8    finds that by withholding it, the District acted in bad faith.[6] Larson's motion for

9    sanctions, Dkt. 77, is therefore **GRANTED**.

10       Larson is entitled to an award of reasonable attorney's fees incurred in making the

11   motion to compel, Dkt. 42, and its motions for sanctions, Dkt. 77 and 89. It also awards

12   Larson the reasonable attorney's fees and costs associated with conducting

13   supplementary depositions of Gale, Reaume, Poole, and Weakley, and any other

14   individual that Larson reasonably submits in a deposition list.  Depositions are to be

15   limited to no more than two hours.

16       Because the Court concludes that sanctions are warranted under Rule 37 and its

17   inherent authority, it declines to consider whether sanctions should also be imposed under

18   Rule 11. Larson's motion for sanctions, Dkt. 89, is therefore **DENIED** as moot.

19

20

---

21       [6] The Court does not rely on Larson's argument that Reaume intentionally misled counsel
     or "professed ignorance of the facts" during her deposition. Dkt. 77 at 4. Reaume never denied

22   being aware of Gale's 2019 report.

1

## III.  ORDER

2       It is hereby **ORDERED** that the District's motion to amend its answer, Dkt. 75, is

3   **GRANTED**, Larson's motion for sanctions, Dkt. 77, is **GRANTED**, and Larson's

4   motion for sanctions, Dkt. 89, is **DENIED** as moot.

5

6

7       Dated this 23rd day of December, 2025.

8

9                                               _____

10                                              BENJAMIN H. SETTLE
                                                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

Appendix A

Larson v. Quillayute Valley School District

**QVSD Sixth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_005149 | QVSD_005150 | Redacted | FERPA |
| QVSD_005152 | QVSD_005152 | Redacted | FERPA |
| QVSD_005153 | QVSD_005153 | Redacted | FERPA |
| QVSD_005154 | QVSD_005154 | Redacted | FERPA |
| QVSD_005155 | QVSD_005155 | Redacted | FERPA |
| QVSD_005158 | QVSD_005159 | Redacted | FERPA |
| QVSD_005160 | QVSD_005161 | Redacted | FERPA |
| QVSD_005174 | QVSD_005175 | Redacted | FERPA |
| QVSD_005192 | QVSD_005193 | Redacted | FERPA |
| QVSD_005195 | QVSD_005195 | Redacted | FERPA |
| QVSD_005196 | QVSD_005196 | Redacted | FERPA |
| QVSD_005199 | QVSD_005201 | Redacted | FERPA |
| QVSD_005205 | QVSD_005205 | Redacted | FERPA |
| QVSD_005212 | QVSD_005212 | Redacted | FERPA |
| QVSD_005226 | QVSD_005226 | Redacted | FERPA |
| QVSD_005235 | QVSD_005235 | Redacted | FERPA |
| QVSD_005236 | QVSD_005236 | Redacted | FERPA |
| QVSD_005237 | QVSD_005237 | Redacted | FERPA |
| QVSD_005238 | QVSD_005238 | Redacted | FERPA |
| QVSD_005239 | QVSD_005239 | Redacted | FERPA |
| QVSD_005240 | QVSD_005240 | Redacted | FERPA |
| QVSD_005241 | QVSD_005241 | Redacted | FERPA |
| QVSD_005278 | QVSD_005278 | Redacted | FERPA |
| QVSD_005281 | QVSD_005281 | Redacted | FERPA |
| QVSD_005283 | QVSD_005284 | Redacted | FERPA |
| QVSD_005286 | QVSD_005286 | Redacted | FERPA |
| QVSD_005288 | QVSD_005289 | Redacted | FERPA |
| QVSD_005291 | QVSD_005291 | Redacted | FERPA |
| QVSD_005293 | QVSD_005293 | Redacted | FERPA |
| QVSD_005295 | QVSD_005295 | Redacted | FERPA |
| QVSD_005297 | QVSD_005297 | Redacted | FERPA |
| QVSD_005299 | QVSD_005299 | Redacted | FERPA |
| QVSD_005301 | QVSD_005301 | Redacted | FERPA |
| QVSD_005303 | QVSD_005303 | Redacted | FERPA |
| QVSD_005304 | QVSD_005304 | Redacted | FERPA |
| QVSD_005307 | QVSD_005307 | Redacted | FERPA |
| QVSD_005308 | QVSD_005308 | Redacted | FERPA |
| QVSD_005310 | QVSD_005310 | Redacted | FERPA |
| QVSD_005312 | QVSD_005312 | Redacted | FERPA |
| QVSD_005313 | QVSD_005313 | Redacted | FERPA |

1106093

Larson v. Quillayute Valley School District

QVSD Sixth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_005314 | QVSD_005314 | Redacted | FERPA |
| QVSD_005316 | QVSD_005317 | Redacted | FERPA |
| QVSD_005328 | QVSD_005328 | Redacted | Employee Privacy |
| QVSD_005329 | QVSD_005329 | Redacted | Employee Privacy |
| QVSD_005453 | QVSD_005454 | Redacted | Financial Account Information |
| QVSD_005484 | QVSD_005484 | Redacted | FERPA |
| QVSD_005485 | QVSD_005485 | Redacted | FERPA |
| QVSD_005546 | QVSD_005546 | Redacted | FERPA |
| QVSD_005547 | QVSD_005547 | Redacted | FERPA |
| QVSD_005630 | QVSD_005631 | Redacted | FERPA |
| QVSD_005756 | QVSD_005756 | Redacted | FERPA |
| QVSD_005758 | QVSD_005758 | Redacted | FERPA |
| QVSD_005775 | QVSD_005775 | Redacted | FERPA |
| QVSD_005779 | QVSD_005779 | Redacted | FERPA |
| QVSD_005780 | QVSD_005780 | Redacted | FERPA |
| QVSD_005781 | QVSD_005781 | Redacted | FERPA |
| QVSD_005802 | QVSD_005802 | Redacted | FERPA |
| QVSD_006131 | QVSD_006131 | Redacted | FERPA |
| QVSD_006195 | QVSD_006195 | Redacted | FERPA |
| QVSD_006197 | QVSD_006197 | Redacted | FERPA |
| QVSD_006232 | QVSD_006232 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Seventh Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_006275 | QVSD_006275 | Redacted | FERPA |
| QVSD_006276 | QVSD_006276 | Redacted | FERPA |
| QVSD_006277 | QVSD_006277 | Redacted | FERPA |
| QVSD_006278 | QVSD_006278 | Redacted | FERPA |
| QVSD_006279 | QVSD_006279 | Redacted | FERPA |
| QVSD_006280 | QVSD_006280 | Redacted | FERPA |
| QVSD_006281 | QVSD_006281 | Redacted | FERPA |
| QVSD_006282 | QVSD_006282 | Redacted | FERPA |
| QVSD_006283 | QVSD_006283 | Redacted | FERPA |
| QVSD_006284 | QVSD_006284 | Redacted | FERPA |
| QVSD_006285 | QVSD_006285 | Redacted | FERPA |
| QVSD_006286 | QVSD_006286 | Redacted | FERPA |
| QVSD_006287 | QVSD_006287 | Redacted | FERPA |
| QVSD_006288 | QVSD_006288 | Redacted | FERPA |
| QVSD_006289 | QVSD_006289 | Redacted | FERPA |
| QVSD_006290 | QVSD_006290 | Redacted | FERPA |
| QVSD_006291 | QVSD_006291 | Redacted | FERPA |
| QVSD_006292 | QVSD_006292 | Redacted | FERPA |
| QVSD_006293 | QVSD_006293 | Redacted | FERPA |
| QVSD_006302 | QVSD_006302 | Redacted | FERPA |
| QVSD_006336 | QVSD_006336 | Redacted | FERPA |
| QVSD_006355 | QVSD_006355 | Redacted | FERPA |
| QVSD_006384 | QVSD_006384 | Redacted | FERPA |
| QVSD_006407 | QVSD_006407 | Redacted | FERPA |
| QVSD_006419 | QVSD_006419 | Redacted | FERPA |
| QVSD_006499 | QVSD_006499 | Redacted | FERPA |
| QVSD_006500 | QVSD_006501 | Redacted | FERPA |
| QVSD_006502 | QVSD_006502 | Redacted | FERPA |
| QVSD_006503 | QVSD_006504 | Redacted | FERPA |
| QVSD_006506 | QVSD_006506 | Redacted | FERPA |
| QVSD_006532 | QVSD_006532 | Redacted | FERPA |
| QVSD_006533 | QVSD_006533 | Redacted | FERPA |
| QVSD_006534 | QVSD_006534 | Redacted | FERPA |
| QVSD_006535 | QVSD_006535 | Redacted | FERPA |
| QVSD_006536 | QVSD_006536 | Redacted | FERPA |
| QVSD_006569 | QVSD_006569 | Redacted | FERPA |
| QVSD_006598 | QVSD_006598 | Redacted | FERPA |
| QVSD_006599 | QVSD_006599 | Redacted | FERPA |

Larson v. Quillayute Valley School District
QVSD Seventh Supplemental Discovery Responses

| QVSD_006855 | QVSD_006855 | Redacted | FERPA |
|---|---|---|---|
| QVSD_006860 | QVSD_006860 | Redacted | FERPA |
| QVSD_006861 | QVSD_006861 | Redacted | FERPA |
| QVSD_006862 | QVSD_006862 | Redacted | FERPA |
| QVSD_006947 | QVSD_006947 | Redacted | Employee Privacy |
| QVSD_006948 | QVSD_006948 | Redacted | Employee Privacy |
| QVSD_006949 | QVSD_006949 | Redacted | Financial Account Information |
| QVSD_006950 | QVSD_006950 | Redacted | FERPA |
| QVSD_006951 | QVSD_006951 | Redacted | FERPA |
| QVSD_006952 | QVSD_006952 | Redacted | FERPA |
| QVSD_006953 | QVSD_006953 | Redacted | FERPA |
| QVSD_006960 | QVSD_006960 | Redacted | FERPA; Confidential Medical Information |
| QVSD_006961 | QVSD_006961 | Redacted | FERPA; Confidential Medical Information |
| QVSD_006962 | QVSD_006963 | Redacted | FERPA |
| QVSD_006964 | QVSD_006964 | Redacted | FERPA |
| QVSD_006965 | QVSD_006965 | Redacted | FERPA |
| QVSD_006966 | QVSD_006966 | Redacted | FERPA |
| QVSD_006967 | QVSD_006968 | Redacted | FERPA |
| QVSD_006969 | QVSD_006969 | Redacted | FERPA |
| QVSD_006970 | QVSD_006970 | Redacted | FERPA |
| QVSD_006971 | QVSD_006971 | Redacted | FERPA |
| QVSD_006972 | QVSD_006972 | Redacted | FERPA |
| QVSD_006983 | QVSD_006983 | Redacted | FERPA |
| QVSD_007236 | QVSD_007241 | Redacted | FERPA |
| QVSD_007242 | QVSD_007246 | Redacted | FERPA |
| QVSD_007414 | QVSD_007414 | Redacted | FERPA |
| QVSD_007415 | QVSD_007415 | Redacted | FERPA |
| QVSD_007416 | QVSD_007416 | Redacted | FERPA |
| QVSD_007417 | QVSD_007417 | Redacted | FERPA |
| QVSD_007418 | QVSD_007418 | Redacted | FERPA |
| QVSD_007453 | QVSD_007453 | Redacted | FERPA |
| QVSD_007454 | QVSD_007454 | Redacted | FERPA |
| QVSD_007455 | QVSD_007455 | Redacted | FERPA |
| QVSD_007456 | QVSD_007456 | Redacted | FERPA |
| QVSD_007457 | QVSD_007457 | Redacted | FERPA |
| QVSD_007458 | QVSD_007458 | Redacted | FERPA |
| QVSD_007557 | QVSD_007558 | Redacted | FERPA |
| QVSD_007559 | QVSD_007559 | Redacted | FERPA |

Larson v. Quillayute Valley School District

**QVSD Seventh Supplemental Discovery Responses**

| QVSD_007561 | QVSD_007563 | Redacted | FERPA |
|---|---|---|---|
| QVSD_007564 | QVSD_007564 | Redacted | FERPA |
| QVSD_007566 | QVSD_007567 | Redacted | FERPA |
| QVSD_007568 | QVSD_007568 | Redacted | FERPA |
| QVSD_007573 | QVSD_007573 | Redacted | FERPA |
| QVSD_007600 | QVSD_007600 | Redacted | FERPA |
| QVSD_007607 | QVSD_007607 | Redacted | FERPA |
| QVSD_007609 | QVSD_007609 | Redacted | FERPA |
| QVSD_007610 | QVSD_007610 | Redacted | FERPA |
| QVSD_007611 | QVSD_007611 | Redacted | FERPA |
| QVSD_007612 | QVSD_007612 | Redacted | FERPA |
| QVSD_007620 | QVSD_007621 | Redacted | FERPA |
| QVSD_007623 | QVSD_007623 | Redacted | FERPA; Confidential Medical Information |
| QVSD_007624 | QVSD_007624 | Redacted | FERPA |
| QVSD_007627 | QVSD_007627 | Redacted | FERPA |
| QVSD_007634 | QVSD_007634 | Redacted | FERPA |
| QVSD_007637 | QVSD_007638 | Redacted | FERPA |
| QVSD_007642 | QVSD_007642 | Redacted | FERPA |
| QVSD_007652 | QVSD_007652 | Redacted | Employee Privacy |
| QVSD_007727 | QVSD_007727 | Redacted | FERPA |
| QVSD_007729 | QVSD_007729 | Redacted | FERPA |
| QVSD_007730 | QVSD_007730 | Redacted | FERPA |
| QVSD_007731 | QVSD_007731 | Redacted | FERPA |
| QVSD_007746 | QVSD_007746 | Redacted | FERPA |
| QVSD_007747 | QVSD_007747 | Redacted | FERPA |
| QVSD_007761 | QVSD_007762 | Redacted | FERPA |
| QVSD_007764 | QVSD_007766 | Redacted | FERPA |
| QVSD_007768 | QVSD_007768 | Redacted | FERPA |
| QVSD_007769 | QVSD_007771 | Redacted | FERPA |
| QVSD_007773 | QVSD_007775 | Redacted | FERPA |
| QVSD_007836 | QVSD_007836 | Redacted | FERPA |
| QVSD_007838 | QVSD_007840 | Redacted | FERPA |
| QVSD_007841 | QVSD_007841 | Redacted | FERPA |
| QVSD_007843 | QVSD_007843 | Redacted | FERPA |
| QVSD_007844 | QVSD_007844 | Redacted | FERPA |
| QVSD_007845 | QVSD_007845 | Redacted | FERPA |
| QVSD_007913 | QVSD_007914 | Redacted | FERPA |
| QVSD_007915 | QVSD_007916 | Redacted | FERPA |

1107072

Larson v. Quillayute Valley School District

**QVSD Seventh Supplemental Discovery Responses**

| | | | |
|---|---|---|---|
| QVSD_007917 | QVSD_007917 | Redacted | FERPA |
| QVSD_007920 | QVSD_007921 | Redacted | FERPA |
| QVSD_007922 | QVSD_007923 | Redacted | FERPA |
| QVSD_007984 | QVSD_007984 | Redacted | FERPA |
| QVSD_008020 | QVSD_008020 | Redacted | FERPA |
| QVSD_008021 | QVSD_008021 | Redacted | FERPA |
| QVSD_008036 | QVSD_008036 | Redacted | FERPA |
| QVSD_008037 | QVSD_008037 | Redacted | FERPA |
| QVSD_008038 | QVSD_008038 | Redacted | FERPA |
| QVSD_008049 | QVSD_008049 | Redacted | FERPA |
| QVSD_008050 | QVSD_008050 | Redacted | FERPA |
| QVSD_008057 | QVSD_008057 | Redacted | FERPA |
| QVSD_008068 | QVSD_008068 | Redacted | FERPA |
| QVSD_008100 | QVSD_008100 | Redacted | FERPA |
| QVSD_008105 | QVSD_008105 | Redacted | FERPA |
| QVSD_008107 | QVSD_008108 | Redacted | FERPA |
| QVSD_008110 | QVSD_008110 | Redacted | FERPA |
| QVSD_008112 | QVSD_008113 | Redacted | FERPA |
| QVSD_008115 | QVSD_008115 | Redacted | FERPA |
| QVSD_008118 | QVSD_008118 | Redacted | FERPA |
| QVSD_008120 | QVSD_008121 | Redacted | FERPA |
| QVSD_008123 | QVSD_008123 | Redacted | FERPA |
| QVSD_008125 | QVSD_008125 | Redacted | FERPA |
| QVSD_008127 | QVSD_008127 | Redacted | FERPA |
| QVSD_008129 | QVSD_008130 | Redacted | FERPA |
| QVSD_008132 | QVSD_008133 | Redacted | FERPA |
| QVSD_008135 | QVSD_008135 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Eighth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_008349 | QVSD_008349 | Redacted | FERPA |
| QVSD_008350 | QVSD_008372 | Redacted | FERPA |
| QVSD_008375 | QVSD_008376 | Redacted | FERPA |
| QVSD_008377 | QVSD_008397 | Redacted | FERPA |
| QVSD_008398 | QVSD_008414 | Redacted | FERPA |
| QVSD_008415 | QVSD_008419 | Redacted | FERPA |
| QVSD_008420 | QVSD_008427 | Redacted | FERPA |
| QVSD_008441 | QVSD_008442 | Redacted | FERPA |
| QVSD_008443 | QVSD_008463 | Redacted | FERPA |
| QVSD_008464 | QVSD_008480 | Redacted | FERPA |
| QVSD_008481 | QVSD_008485 | Redacted | FERPA |
| QVSD_008486 | QVSD_008493 | Redacted | FERPA |
| QVSD_008494 | QVSD_008494 | Redacted | FERPA |
| QVSD_008495 | QVSD_008500 | Redacted | FERPA |
| QVSD_008501 | QVSD_008503 | Redacted | FERPA |
| QVSD_008504 | QVSD_008523 | Redacted | FERPA |
| QVSD_008527 | QVSD_008527 | Redacted | FERPA |
| QVSD_008528 | QVSD_008548 | Redacted | FERPA |
| QVSD_008549 | QVSD_008549 | Redacted | FERPA |
| QVSD_008550 | QVSD_008569 | Redacted | FERPA |
| QVSD_008576 | QVSD_008576 | Redacted | FERPA |
| QVSD_008577 | QVSD_008590 | Redacted | FERPA |
| QVSD_008595 | QVSD_008595 | Redacted | FERPA |
| QVSD_008596 | QVSD_008623 | Redacted | FERPA |
| QVSD_008624 | QVSD_008624 | Redacted | FERPA |
| QVSD_008625 | QVSD_008642 | Redacted | FERPA |
| QVSD_008643 | QVSD_008666 | Redacted | FERPA |
| QVSD_008667 | QVSD_008688 | Redacted | FERPA |
| QVSD_008689 | QVSD_008707 | Redacted | FERPA |
| QVSD_008708 | QVSD_008725 | Redacted | FERPA |
| QVSD_008726 | QVSD_008746 | Redacted | FERPA |
| QVSD_008747 | QVSD_008765 | Redacted | FERPA |
| QVSD_008766 | QVSD_008788 | Redacted | FERPA |
| QVSD_008789 | QVSD_008809 | Redacted | FERPA |
| QVSD_008810 | QVSD_008829 | Redacted | FERPA |
| QVSD_008830 | QVSD_008830 | Redacted | FERPA |
| QVSD_008831 | QVSD_008855 | Redacted | FERPA |
| QVSD_008856 | QVSD_008874 | Redacted | FERPA |
| QVSD_008875 | QVSD_008881 | Redacted | FERPA |
| QVSD_008882 | QVSD_008904 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Eighth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_008905 | QVSD_008932 | Redacted | FERPA |
| QVSD_008933 | QVSD_008957 | Redacted | FERPA |
| QVSD_008958 | QVSD_008990 | Redacted | FERPA |
| QVSD_008991 | QVSD_009013 | Redacted | FERPA |
| QVSD_009014 | QVSD_009033 | Redacted | FERPA |
| QVSD_009034 | QVSD_009051 | Redacted | FERPA |
| QVSD_009052 | QVSD_009082 | Redacted | FERPA |
| QVSD_009083 | QVSD_009101 | Redacted | FERPA |
| QVSD_009102 | QVSD_009123 | Redacted | FERPA |
| QVSD_009743 | QVSD_009743 | Redacted | FERPA |
| QVSD_009744 | QVSD_009751 | Redacted | FERPA |
| QVSD_009752 | QVSD_009752 | Redacted | FERPA |
| QVSD_009753 | QVSD_009757 | Redacted | FERPA |
| QVSD_009758 | QVSD_009763 | Redacted | FERPA |
| QVSD_009811 | QVSD_009811 | Redacted | FERPA |
| QVSD_009812 | QVSD_009812 | Redacted | FERPA |
| QVSD_009813 | QVSD_009816 | Redacted | FERPA |
| QVSD_009817 | QVSD_009822 | Redacted | FERPA |
| QVSD_009823 | QVSD_009825 | Redacted | FERPA |
| QVSD_009826 | QVSD_009828 | Redacted | FERPA |
| QVSD_010043 | QVSD_010045 | Redacted | Financial Account Information |
| QVSD_010084 | QVSD_010085 | Redacted | Financial Account Information |
| QVSD_010107 | QVSD_010107 | Redacted | Financial Account Information |
| QVSD_010130 | QVSD_010131 | Redacted | Financial Account Information |
| QVSD_010262 | QVSD_010262 | Redacted | FERPA |
| QVSD_010263 | QVSD_010263 | Redacted | FERPA |
| QVSD_010265 | QVSD_010266 | Redacted | FERPA |
| QVSD_010268 | QVSD_010268 | Redacted | FERPA |
| QVSD_010269 | QVSD_010269 | Redacted | FERPA |
| QVSD_010270 | QVSD_010273 | Redacted | FERPA |
| QVSD_010274 | QVSD_010291 | Redacted | FERPA |
| QVSD_010293 | QVSD_010293 | Redacted | FERPA |
| QVSD_010296 | QVSD_010296 | Redacted | FERPA |
| QVSD_010297 | QVSD_010297 | Redacted | FERPA |
| QVSD_010299 | QVSD_010299 | Redacted | FERPA |
| QVSD_010300 | QVSD_010300 | Redacted | FERPA |
| QVSD_010301 | QVSD_010301 | Redacted | FERPA |
| QVSD_010303 | QVSD_010303 | Redacted | FERPA |
| QVSD_010304 | QVSD_010304 | Redacted | FERPA |
| QVSD_010305 | QVSD_010305 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Eighth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_010307 | QVSD_010308 | Redacted | FERPA |
| QVSD_010310 | QVSD_010311 | Redacted | FERPA |
| QVSD_010323 | QVSD_010323 | Redacted | Employee Privacy |
| QVSD_010328 | QVSD_010329 | Redacted | FERPA |
| QVSD_010330 | QVSD_010331 | Redacted | FERPA |
| QVSD_010332 | QVSD_010333 | Redacted | FERPA |
| QVSD_010334 | QVSD_010334 | Redacted | FERPA |
| QVSD_010343 | QVSD_010343 | Redacted | FERPA |
| QVSD_010344 | QVSD_010344 | Redacted | FERPA |
| QVSD_010351 | QVSD_010351 | Redacted | FERPA |
| QVSD_010392 | QVSD_010392 | Redacted | FERPA |
| QVSD_010400 | QVSD_010401 | Redacted | FERPA |
| QVSD_010402 | QVSD_010403 | Redacted | FERPA |
| QVSD_010404 | QVSD_010405 | Redacted | FERPA |
| QVSD_010406 | QVSD_010406 | Redacted | FERPA |
| QVSD_010407 | QVSD_010407 | Redacted | FERPA |
| QVSD_010408 | QVSD_010408 | Redacted | FERPA |
| QVSD_010416 | QVSD_010417 | Redacted | FERPA |
| QVSD_010421 | QVSD_010421 | Redacted | FERPA |
| QVSD_010428 | QVSD_010428 | Redacted | FERPA |
| QVSD_010429 | QVSD_010429 | Redacted | FERPA |
| QVSD_010434 | QVSD_010434 | Redacted | FERPA |
| QVSD_010450 | QVSD_010450 | Redacted | FERPA |
| QVSD_010451 | QVSD_010451 | Redacted | FERPA |
| QVSD_010452 | QVSD_010452 | Redacted | FERPA |
| QVSD_010453 | QVSD_010453 | Redacted | FERPA |
| QVSD_010454 | QVSD_010454 | Redacted | FERPA |
| QVSD_010455 | QVSD_010455 | Redacted | FERPA |
| QVSD_010467 | QVSD_010467 | Redacted | FERPA |
| QVSD_010468 | QVSD_010468 | Redacted | FERPA |
| QVSD_010469 | QVSD_010469 | Redacted | FERPA |
| QVSD_010627 | QVSD_010627 | Redacted | FERPA |

1110470

Larson v. Quillayute Valley School District

QVSD Tenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_011034 | QVSD_011034 | Redacted | Employee Privacy |
| QVSD_011035 | QVSD_011036 | Redacted | Employee Privacy |
| QVSD_011037 | QVSD_011038 | Redacted | Employee Privacy |
| QVSD_011039 | QVSD_011040 | Redacted | Employee Privacy |
| QVSD_011041 | QVSD_011041 | Redacted | Employee Privacy |
| QVSD_011042 | QVSD_011042 | Redacted | Employee Privacy |
| QVSD_011047 | QVSD_011047 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_011048 | QVSD_011048 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011049 | QVSD_011049 | Redacted | FERPA |
| QVSD_011050 | QVSD_011051 | Redacted | FERPA |
| QVSD_011062 | QVSD_011062 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_011076 | QVSD_011078 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011079 | QVSD_011079 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011095 | QVSD_011096 | Redacted | Employee Privacy |
| QVSD_011097 | QVSD_011099 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_011114 | QVSD_011115 | Redacted | Employee Privacy |
| QVSD_011119 | QVSD_011141 | Redacted | FERPA |
| QVSD_011405 | QVSD_011405 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011406 | QVSD_011409 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011410 | QVSD_011410 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011411 | QVSD_011419 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011551 | QVSD_011554 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011555 | QVSD_011557 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011558 | QVSD_011560 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011561 | QVSD_011562 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011563 | QVSD_011570 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011571 | QVSD_011574 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011575 | QVSD_011577 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011639 | QVSD_011639 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Larson v. Quillayute Valley School District

**QVSD Eleventh Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_011818 | QVSD_011819 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011837 | QVSD_011837 | Redacted | FERPA |
| QVSD_011838 | QVSD_011840 | Redacted | FERPA |
| QVSD_011841 | QVSD_011841 | Redacted | FERPA |
| QVSD_011842 | QVSD_011842 | Redacted | FERPA |
| QVSD_011872 | QVSD_011881 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_011882 | QVSD_011882 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011883 | QVSD_011907 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011908 | QVSD_011908 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011909 | QVSD_011928 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011930 | QVSD_011935 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011936 | QVSD_011940 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011941 | QVSD_011948 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011949 | QVSD_011954 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011955 | QVSD_011960 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011961 | QVSD_011965 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011966 | QVSD_011969 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011970 | QVSD_011978 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011979 | QVSD_011981 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_011982 | QVSD_011985 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Medical Information |
| QVSD_011986 | QVSD_011991 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011992 | QVSD_011996 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_011997 | QVSD_012003 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012004 | QVSD_012009 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012010 | QVSD_012010 | Redacted | FERPA |
| QVSD_012011 | QVSD_012012 | Redacted | FERPA |
| QVSD_012013 | QVSD_012013 | Redacted | FERPA |
| QVSD_012014 | QVSD_012014 | Redacted | FERPA |
| QVSD_012015 | QVSD_012015 | Redacted | FERPA |
| QVSD_012016 | QVSD_012016 | Redacted | FERPA |
| QVSD_012017 | QVSD_012017 | Redacted | FERPA |
| QVSD_012018 | QVSD_012018 | Redacted | FERPA |
| QVSD_012019 | QVSD_012019 | Redacted | FERPA |
| QVSD_012020 | QVSD_012020 | Redacted | FERPA |
| QVSD_012021 | QVSD_012021 | Redacted | FERPA |
| QVSD_012035 | QVSD_012036 | Redacted | FERPA |
| QVSD_012039 | QVSD_012039 | Redacted | FERPA |
| QVSD_012044 | QVSD_012044 | Redacted | Employee Privacy |
| QVSD_012045 | QVSD_012046 | Redacted | Employee Privacy |

1115415

Larson v. Quillayute Valley School District

**QVSD Eleventh Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012048 | QVSD_012048 | Redacted | Employee Privacy |
| QVSD_012093 | QVSD_012093 | Redacted | Personally Identifiable Information |
| QVSD_012115 | QVSD_012116 | Redacted | Personally Identifiable Information |
| QVSD_012117 | QVSD_012118 | Redacted | FERPA |
| QVSD_012122 | QVSD_012124 | Redacted | FERPA |
| QVSD_012137 | QVSD_012138 | Redacted | FERPA |
| QVSD_012157 | QVSD_012157 | Redacted | FERPA |
| QVSD_012158 | QVSD_012160 | Redacted | FERPA |
| QVSD_012161 | QVSD_012161 | Redacted | FERPA |
| QVSD_012162 | QVSD_012231 | Redacted | FERPA; Confidential Medical Information |
| QVSD_012232 | QVSD_012232 | Redacted | FERPA |
| QVSD_012238 | QVSD_012239 | Redacted | FERPA |
| QVSD_012240 | QVSD_012245 | Redacted | FERPA |
| QVSD_012249 | QVSD_012250 | Redacted | FERPA |
| QVSD_012252 | QVSD_012253 | Redacted | FERPA |
| QVSD_012263 | QVSD_012263 | Redacted | FERPA |
| QVSD_012264 | QVSD_012264 | Redacted | FERPA |
| QVSD_012265 | QVSD_012265 | Redacted | FERPA |
| QVSD_012268 | QVSD_012269 | Redacted | FERPA |
| QVSD_012276 | QVSD_012277 | Redacted | FERPA |
| QVSD_012281 | QVSD_012286 | Redacted | FERPA |
| QVSD_012287 | QVSD_012287 | Redacted | Employee Privacy; Confidential Medical Information |

Larson v. Quillayute Valley School District

**QVSD Twelfth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012288 | QVSD_012288 | Redacted | FERPA |
| QVSD_012289 | QVSD_012289 | Redacted | FERPA |
| QVSD_012291 | QVSD_012293 | Redacted | Employee Privacy |
| QVSD_012329 | QVSD_012332 | Redacted | Personally Identifiable Information |
| QVSD_012336 | QVSD_012340 | Redacted | FERPA |
| QVSD_012341 | QVSD_012344 | Redacted | FERPA |
| QVSD_012345 | QVSD_012351 | Redacted | FERPA |
| QVSD_012352 | QVSD_012357 | Redacted | FERPA |
| QVSD_012358 | QVSD_012361 | Redacted | FERPA |
| QVSD_012363 | QVSD_012364 | Redacted | FERPA |
| QVSD_012365 | QVSD_012368 | Redacted | FERPA |
| QVSD_012379 | QVSD_012379 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012380 | QVSD_012383 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012384 | QVSD_012384 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012385 | QVSD_012386 | Redacted | FERPA |
| QVSD_012396 | QVSD_012396 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012397 | QVSD_012398 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012399 | QVSD_012399 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012400 | QVSD_012401 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012402 | QVSD_012402 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012403 | QVSD_012406 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012423 | QVSD_012423 | Redacted | FERPA |
| QVSD_012426 | QVSD_012426 | Redacted | Employee Privacy |
| QVSD_012428 | QVSD_012428 | Redacted | Employee Privacy |
| QVSD_012439 | QVSD_012441 | Redacted | Personally Identifiable Information |
| QVSD_012442 | QVSD_012445 | Redacted | Personally Identifiable Information |
| QVSD_012449 | QVSD_012451 | Redacted | Personally Identifiable Information |
| QVSD_012452 | QVSD_012453 | Redacted | Personally Identifiable Information |

## QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012458 | QVSD_012458 | Redacted | Confidential Insurer Communication |
| QVSD_012459 | QVSD_012462 | Redacted | Confidential Insurer Communication |
| QVSD_012463 | QVSD_012463 | Redacted | FERPA |
| QVSD_012508 | QVSD_012509 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012510 | QVSD_012510 | Redacted | FERPA |
| QVSD_012513 | QVSD_012514 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012517 | QVSD_012518 | Redacted | FERPA |
| QVSD_012519 | QVSD_012519 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012520 | QVSD_012522 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012523 | QVSD_012523 | Redacted | FERPA |
| QVSD_012524 | QVSD_012525 | Redacted | FERPA |
| QVSD_012526 | QVSD_012527 | Redacted | FERPA |
| QVSD_012540 | QVSD_012540 | Redacted | FERPA |
| QVSD_012541 | QVSD_012541 | Redacted | Employee Privacy |
| QVSD_012542 | QVSD_012542 | Redacted | FERPA |
| QVSD_012543 | QVSD_012543 | Redacted | FERPA |
| QVSD_012545 | QVSD_012545 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012546 | QVSD_012549 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012550 | QVSD_012553 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012554 | QVSD_012556 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012557 | QVSD_012557 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012558 | QVSD_012558 | Redacted | FERPA |
| QVSD_012559 | QVSD_012560 | Redacted | FERPA |
| QVSD_012565 | QVSD_012568 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012569 | QVSD_012570 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012571 | QVSD_012573 | Redacted | FERPA |
| QVSD_012576 | QVSD_012577 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012578 | QVSD_012579 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012580 | QVSD_012580 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_012581 | QVSD_012581 | Redacted | Confidential Insurer Communication |
| QVSD_012582 | QVSD_012583 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012594 | QVSD_012596 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012601 | QVSD_012601 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012602 | QVSD_012605 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012606 | QVSD_012606 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012607 | QVSD_012726 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012727 | QVSD_012729 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012730 | QVSD_012730 | Redacted | FERPA |
| QVSD_012734 | QVSD_012734 | Redacted | FERPA |
| QVSD_012735 | QVSD_012738 | Redacted | FERPA |
| QVSD_012739 | QVSD_012740 | Redacted | FERPA; Employee Privacy |
| QVSD_012741 | QVSD_012748 | Redacted | FERPA |
| QVSD_012749 | QVSD_012749 | Redacted | FERPA |
| QVSD_012750 | QVSD_012751 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012752 | QVSD_012755 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012759 | QVSD_012762 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012763 | QVSD_012765 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012768 | QVSD_012768 | Redacted | FERPA |
| QVSD_012769 | QVSD_012769 | Redacted | FERPA |
| QVSD_012771 | QVSD_012771 | Redacted | FERPA |
| QVSD_012777 | QVSD_012777 | Redacted | FERPA |
| QVSD_012778 | QVSD_012778 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012779 | QVSD_012833 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012835 | QVSD_012836 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012837 | QVSD_012837 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012838 | QVSD_012838 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012839 | QVSD_012839 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012840 | QVSD_012840 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012841 | QVSD_012843 | Redacted | FERPA |
| QVSD_012845 | QVSD_012847 | Redacted | FERPA |
| QVSD_012848 | QVSD_012848 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012849 | QVSD_012849 | Redacted | FERPA |
| QVSD_012851 | QVSD_012851 | Redacted | FERPA |
| QVSD_012852 | QVSD_012852 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

**QVSD Thirteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012853 | QVSD_012858 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012859 | QVSD_012859 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012860 | QVSD_012862 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012863 | QVSD_012863 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012865 | QVSD_012867 | Redacted | FERPA |
| QVSD_012868 | QVSD_012868 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012873 | QVSD_012873 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_012874 | QVSD_012874 | Redacted | FERPA |
| QVSD_012875 | QVSD_012878 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012879 | QVSD_012882 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012883 | QVSD_012884 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012885 | QVSD_012885 | Redacted | FERPA |
| QVSD_012886 | QVSD_012886 | Redacted | FERPA |
| QVSD_012887 | QVSD_012887 | Redacted | FERPA |
| QVSD_012888 | QVSD_012888 | Redacted | FERPA |
| QVSD_012892 | QVSD_012893 | Redacted | FERPA |
| QVSD_012894 | QVSD_012894 | Redacted | FERPA |
| QVSD_012895 | QVSD_012896 | Redacted | FERPA |
| QVSD_012897 | QVSD_012897 | Redacted | FERPA |
| QVSD_012898 | QVSD_012899 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012932 | QVSD_012933 | Redacted | FERPA |
| QVSD_012934 | QVSD_012934 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012935 | QVSD_012935 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012936 | QVSD_012936 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012937 | QVSD_012944 | Redacted | FERPA |
| QVSD_012945 | QVSD_012956 | Redacted | FERPA |
| QVSD_012957 | QVSD_012970 | Redacted | FERPA |
| QVSD_012971 | QVSD_012972 | Redacted | FERPA |
| QVSD_012973 | QVSD_012974 | Redacted | FERPA |
| QVSD_012975 | QVSD_012976 | Redacted | FERPA |
| QVSD_012977 | QVSD_012983 | Redacted | FERPA |
| QVSD_012984 | QVSD_012986 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

**QVSD Thirteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012987 | QVSD_012987 | Redacted | FERPA |
| QVSD_012988 | QVSD_012989 | Redacted | FERPA |
| QVSD_012990 | QVSD_012990 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012991 | QVSD_012991 | Redacted | FERPA Confidential Insurer Communication |
| QVSD_012995 | QVSD_012996 | Withheld | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012997 | QVSD_012997 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012998 | QVSD_012998 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012999 | QVSD_012999 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013000 | QVSD_013000 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013001 | QVSD_013001 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013002 | QVSD_013002 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013004 | QVSD_013004 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013005 | QVSD_013016 | Withheld | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013017 | QVSD_013018 | Redacted | FERPA |
| QVSD_013019 | QVSD_013022 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013023 | QVSD_013025 | Redacted | FERPA |
| QVSD_013026 | QVSD_013030 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013031 | QVSD_013033 | Redacted | FERPA |
| QVSD_013034 | QVSD_013036 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013037 | QVSD_013037 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_013038 | QVSD_013039 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_013040 | QVSD_013041 | Redacted | FERPA |
| QVSD_013042 | QVSD_013042 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013043 | QVSD_013047 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013048 | QVSD_013048 | Redacted | FERPA |
| QVSD_013049 | QVSD_013049 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013050 | QVSD_013050 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013051 | QVSD_013052 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013053 | QVSD_013087 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013088 | QVSD_013088 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

**QVSD Thirteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013089 | QVSD_013090 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013091 | QVSD_013129 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013130 | QVSD_013130 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013131 | QVSD_013132 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013133 | QVSD_013133 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013134 | QVSD_013137 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013138 | QVSD_013138 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013139 | QVSD_013143 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_013144 | QVSD_013144 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013145 | QVSD_013146 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013147 | QVSD_013147 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013150 | QVSD_013151 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013152 | QVSD_013153 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013156 | QVSD_013157 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013158 | QVSD_013158 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013159 | QVSD_013160 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_013161 | QVSD_013161 | Redacted | FERPA |
| QVSD_013162 | QVSD_013162 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013163 | QVSD_013165 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013166 | QVSD_013166 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013175 | QVSD_013177 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013184 | QVSD_013185 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013193 | QVSD_013193 | Redacted | FERPA |
| QVSD_013194 | QVSD_013196 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013197 | QVSD_013197 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013198 | QVSD_013201 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013202 | QVSD_013204 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013205 | QVSD_013205 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013206 | QVSD_013206 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013207 | QVSD_013207 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013208 | QVSD_013212 | Withheld | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013213 | QVSD_013214 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013215 | QVSD_013215 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013216 | QVSD_013223 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013224 | QVSD_013224 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013228 | QVSD_013228 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013229 | QVSD_013229 | Redacted | FERPA |
| QVSD_013230 | QVSD_013230 | Redacted | FERPA |
| QVSD_013231 | QVSD_013231 | Redacted | FERPA |
| QVSD_013232 | QVSD_013232 | Redacted | FERPA |
| QVSD_013233 | QVSD_013233 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013234 | QVSD_013235 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013236 | QVSD_013237 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013238 | QVSD_013242 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013243 | QVSD_013247 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013248 | QVSD_013250 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013251 | QVSD_013254 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013255 | QVSD_013255 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013256 | QVSD_013257 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013258 | QVSD_013258 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013259 | QVSD_013259 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013260 | QVSD_013260 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013261 | QVSD_013262 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013263 | QVSD_013263 | Redacted | FERPA |
| QVSD_013265 | QVSD_013265 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013266 | QVSD_013275 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013276 | QVSD_013276 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013277 | QVSD_013277 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013278 | QVSD_013285 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013289 | QVSD_013289 | Redacted | FERPA |
| QVSD_013291 | QVSD_013291 | Redacted | FERPA; Employee Privacy |
| QVSD_013292 | QVSD_013292 | Redacted | FERPA |
| QVSD_013296 | QVSD_013296 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013297 | QVSD_013297 | Redacted | Employee Privacy |
| QVSD_013298 | QVSD_013298 | Redacted | FERPA |
| QVSD_013299 | QVSD_013299 | Redacted | Employee Privacy |
| QVSD_013300 | QVSD_013300 | Redacted | Employee Privacy |

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012458 | QVSD_012458 | Redacted | Confidential Insurer Communication |
| QVSD_012459 | QVSD_012462 | Redacted | Confidential Insurer Communication |
| QVSD_012463 | QVSD_012463 | Redacted | FERPA |
| QVSD_012508 | QVSD_012509 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012510 | QVSD_012510 | Redacted | FERPA |
| QVSD_012513 | QVSD_012514 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012517 | QVSD_012518 | Redacted | FERPA |
| QVSD_012519 | QVSD_012519 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012520 | QVSD_012522 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012523 | QVSD_012523 | Redacted | FERPA |
| QVSD_012524 | QVSD_012525 | Redacted | FERPA |
| QVSD_012526 | QVSD_012527 | Redacted | FERPA |
| QVSD_012540 | QVSD_012540 | Redacted | FERPA |
| QVSD_012541 | QVSD_012541 | Redacted | Employee Privacy |
| QVSD_012542 | QVSD_012542 | Redacted | FERPA |
| QVSD_012543 | QVSD_012543 | Redacted | FERPA |
| QVSD_012545 | QVSD_012545 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012546 | QVSD_012549 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012550 | QVSD_012553 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012554 | QVSD_012556 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012557 | QVSD_012557 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012558 | QVSD_012558 | Redacted | FERPA |
| QVSD_012559 | QVSD_012560 | Redacted | FERPA |
| QVSD_012565 | QVSD_012568 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012569 | QVSD_012570 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012571 | QVSD_012573 | Redacted | FERPA |
| QVSD_012576 | QVSD_012577 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012578 | QVSD_012579 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012580 | QVSD_012580 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_012581 | QVSD_012581 | Redacted | Confidential Insurer Communication |
| QVSD_012582 | QVSD_012583 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012594 | QVSD_012596 | Redacted | FERPA |

**QVSD Thirteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012601 | QVSD_012601 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012602 | QVSD_012605 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012606 | QVSD_012606 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012607 | QVSD_012726 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012727 | QVSD_012729 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012730 | QVSD_012730 | Redacted | FERPA |
| QVSD_012734 | QVSD_012734 | Redacted | FERPA |
| QVSD_012735 | QVSD_012738 | Redacted | FERPA |
| QVSD_012739 | QVSD_012740 | Redacted | FERPA; Employee Privacy |
| QVSD_012741 | QVSD_012748 | Redacted | FERPA |
| QVSD_012749 | QVSD_012749 | Redacted | FERPA |
| QVSD_012750 | QVSD_012751 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012752 | QVSD_012755 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012759 | QVSD_012762 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_012763 | QVSD_012765 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_012768 | QVSD_012768 | Redacted | FERPA |
| QVSD_012769 | QVSD_012769 | Redacted | FERPA |
| QVSD_012771 | QVSD_012771 | Redacted | FERPA |
| QVSD_012777 | QVSD_012777 | Redacted | FERPA |
| QVSD_012778 | QVSD_012778 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012779 | QVSD_012833 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012835 | QVSD_012836 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012837 | QVSD_012837 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012838 | QVSD_012838 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012839 | QVSD_012839 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012840 | QVSD_012840 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012841 | QVSD_012843 | Redacted | FERPA |
| QVSD_012845 | QVSD_012847 | Redacted | FERPA |
| QVSD_012848 | QVSD_012848 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012849 | QVSD_012849 | Redacted | FERPA |
| QVSD_012851 | QVSD_012851 | Redacted | FERPA |
| QVSD_012852 | QVSD_012852 | Redacted | Attorney-Client Privelege; Attorney Work Product |

## QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012853 | QVSD_012858 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012859 | QVSD_012859 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012860 | QVSD_012862 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012863 | QVSD_012863 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012865 | QVSD_012867 | Redacted | FERPA |
| QVSD_012868 | QVSD_012868 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012873 | QVSD_012873 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_012874 | QVSD_012874 | Redacted | FERPA |
| QVSD_012875 | QVSD_012878 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012879 | QVSD_012882 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012883 | QVSD_012884 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012885 | QVSD_012885 | Redacted | FERPA |
| QVSD_012886 | QVSD_012886 | Redacted | FERPA |
| QVSD_012887 | QVSD_012887 | Redacted | FERPA |
| QVSD_012888 | QVSD_012888 | Redacted | FERPA |
| QVSD_012892 | QVSD_012893 | Redacted | FERPA |
| QVSD_012894 | QVSD_012894 | Redacted | FERPA |
| QVSD_012895 | QVSD_012896 | Redacted | FERPA |
| QVSD_012897 | QVSD_012897 | Redacted | FERPA |
| QVSD_012898 | QVSD_012899 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012932 | QVSD_012933 | Redacted | FERPA |
| QVSD_012934 | QVSD_012934 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012935 | QVSD_012935 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012936 | QVSD_012936 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012937 | QVSD_012944 | Redacted | FERPA |
| QVSD_012945 | QVSD_012956 | Redacted | FERPA |
| QVSD_012957 | QVSD_012970 | Redacted | FERPA |
| QVSD_012971 | QVSD_012972 | Redacted | FERPA |
| QVSD_012973 | QVSD_012974 | Redacted | FERPA |
| QVSD_012975 | QVSD_012976 | Redacted | FERPA |
| QVSD_012977 | QVSD_012983 | Redacted | FERPA |
| QVSD_012984 | QVSD_012986 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District
### QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_012987 | QVSD_012987 | Redacted | FERPA |
| QVSD_012988 | QVSD_012989 | Redacted | FERPA |
| QVSD_012990 | QVSD_012990 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012991 | QVSD_012991 | Redacted | FERPA Confidential Insurer Communication |
| QVSD_012995 | QVSD_012996 | Withheld | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_012997 | QVSD_012997 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012998 | QVSD_012998 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_012999 | QVSD_012999 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013000 | QVSD_013000 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013001 | QVSD_013001 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013002 | QVSD_013002 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013004 | QVSD_013004 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013005 | QVSD_013016 | Withheld | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013017 | QVSD_013018 | Redacted | FERPA |
| QVSD_013019 | QVSD_013022 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013023 | QVSD_013025 | Redacted | FERPA |
| QVSD_013026 | QVSD_013030 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013031 | QVSD_013033 | Redacted | FERPA |
| QVSD_013034 | QVSD_013036 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013037 | QVSD_013037 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_013038 | QVSD_013039 | Redacted | FERPA; Confidential Insurer Communication |
| QVSD_013040 | QVSD_013041 | Redacted | FERPA |
| QVSD_013042 | QVSD_013042 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013043 | QVSD_013047 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013048 | QVSD_013048 | Redacted | FERPA |
| QVSD_013049 | QVSD_013049 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013050 | QVSD_013050 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013051 | QVSD_013052 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013053 | QVSD_013087 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013088 | QVSD_013088 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013089 | QVSD_013090 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013091 | QVSD_013129 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013130 | QVSD_013130 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013131 | QVSD_013132 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013133 | QVSD_013133 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013134 | QVSD_013137 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013138 | QVSD_013138 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013139 | QVSD_013143 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_013144 | QVSD_013144 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013145 | QVSD_013146 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013147 | QVSD_013147 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013150 | QVSD_013151 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013152 | QVSD_013153 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013156 | QVSD_013157 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013158 | QVSD_013158 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013159 | QVSD_013160 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA; Confidential Insurer Communication |
| QVSD_013161 | QVSD_013161 | Redacted | FERPA |
| QVSD_013162 | QVSD_013162 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013163 | QVSD_013165 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013166 | QVSD_013166 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013175 | QVSD_013177 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013184 | QVSD_013185 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013193 | QVSD_013193 | Redacted | FERPA |
| QVSD_013194 | QVSD_013196 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013197 | QVSD_013197 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013198 | QVSD_013201 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013202 | QVSD_013204 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013205 | QVSD_013205 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013206 | QVSD_013206 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013207 | QVSD_013207 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013208 | QVSD_013212 | Withheld | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013213 | QVSD_013214 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013215 | QVSD_013215 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013216 | QVSD_013223 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013224 | QVSD_013224 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013228 | QVSD_013228 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013229 | QVSD_013229 | Redacted | FERPA |
| QVSD_013230 | QVSD_013230 | Redacted | FERPA |
| QVSD_013231 | QVSD_013231 | Redacted | FERPA |
| QVSD_013232 | QVSD_013232 | Redacted | FERPA |
| QVSD_013233 | QVSD_013233 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013234 | QVSD_013235 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013236 | QVSD_013237 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013238 | QVSD_013242 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013243 | QVSD_013247 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013248 | QVSD_013250 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013251 | QVSD_013254 | Redacted | Attorney-Client Privelege; Attorney Work Product; Confidential Insurer Communication |
| QVSD_013255 | QVSD_013255 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013256 | QVSD_013257 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013258 | QVSD_013258 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013259 | QVSD_013259 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013260 | QVSD_013260 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013261 | QVSD_013262 | Withheld | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_013263 | QVSD_013263 | Redacted | FERPA |
| QVSD_013265 | QVSD_013265 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013266 | QVSD_013275 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013276 | QVSD_013276 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013277 | QVSD_013277 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013278 | QVSD_013285 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013289 | QVSD_013289 | Redacted | FERPA |
| QVSD_013291 | QVSD_013291 | Redacted | FERPA; Employee Privacy |
| QVSD_013292 | QVSD_013292 | Redacted | FERPA |
| QVSD_013296 | QVSD_013296 | Redacted | FERPA |

1117695

Larson v. Quillayute Valley School District

QVSD Thirteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013297 | QVSD_013297 | Redacted | Employee Privacy |
| QVSD_013298 | QVSD_013298 | Redacted | FERPA |
| QVSD_013299 | QVSD_013299 | Redacted | Employee Privacy |
| QVSD_013300 | QVSD_013300 | Redacted | Employee Privacy |

Larson v. Quillayute Valley School District

**QVSD Fourteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013308 | QVSD_013308 | Redacted | FERPA |
| QVSD_013309 | QVSD_013309 | Redacted | FERPA |
| QVSD_013322 | QVSD_013323 | Redacted | FERPA |
| QVSD_013324 | QVSD_013324 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013325 | QVSD_013327 | Redacted | Confidential Insurer Communication |
| QVSD_013328 | QVSD_013328 | Redacted | FERPA |
| QVSD_013329 | QVSD_013330 | Redacted | FERPA |
| QVSD_013359 | QVSD_013359 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013360 | QVSD_013374 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013386 | QVSD_013386 | Redacted | Employee Privacy |
| QVSD_013387 | QVSD_013387 | Redacted | Employee Privacy |
| QVSD_013388 | QVSD_013388 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013412 | QVSD_013415 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013424 | QVSD_013424 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013425 | QVSD_013430 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013431 | QVSD_013431 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013432 | QVSD_013456 | Redacted | FERPA |
| QVSD_013457 | QVSD_013457 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013458 | QVSD_013460 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013462 | QVSD_013462 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013463 | QVSD_013488 | Redacted | FERPA |
| QVSD_013489 | QVSD_013491 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013492 | QVSD_013492 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013493 | QVSD_013567 | Redacted | Employee Privacy |
| QVSD_013568 | QVSD_013569 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013570 | QVSD_013572 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013573 | QVSD_013573 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013617 | QVSD_013617 | Redacted | FERPA |
| QVSD_013618 | QVSD_013618 | Redacted | FERPA |
| QVSD_013619 | QVSD_013620 | Redacted | FERPA |
| QVSD_013623 | QVSD_013623 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013624 | QVSD_013625 | Redacted | Employee Privacy |
| QVSD_013626 | QVSD_013627 | Redacted | Employee Privacy |

Larson v. Quillayute Valley School District

**QVSD Fourteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013628 | QVSD_013628 | Redacted | FERPA |
| QVSD_013629 | QVSD_013632 | Redacted | FERPA |
| QVSD_013633 | QVSD_013638 | Redacted | FERPA |
| QVSD_013639 | QVSD_013650 | Redacted | FERPA |
| QVSD_013651 | QVSD_013655 | Redacted | FERPA |
| QVSD_013656 | QVSD_013656 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013657 | QVSD_013659 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013660 | QVSD_013660 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013661 | QVSD_013662 | Redacted | Employee Privacy |
| QVSD_013663 | QVSD_013664 | Redacted | FERPA |
| QVSD_013672 | QVSD_013678 | Redacted | FERPA |
| QVSD_013679 | QVSD_013682 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013683 | QVSD_013683 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013684 | QVSD_013694 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013697 | QVSD_013700 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013701 | QVSD_013702 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013703 | QVSD_013707 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013708 | QVSD_013709 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013710 | QVSD_013711 | Redacted | FERPA |
| QVSD_013712 | QVSD_013714 | Redacted | FERPA |
| QVSD_013719 | QVSD_013721 | Redacted | FERPA |
| QVSD_013724 | QVSD_013724 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013725 | QVSD_013725 | Redacted | FERPA |
| QVSD_013726 | QVSD_013729 | Redacted | FERPA |
| QVSD_013730 | QVSD_013733 | Redacted | FERPA |
| QVSD_013734 | QVSD_013734 | Redacted | FERPA |
| QVSD_013735 | QVSD_013735 | Redacted | FERPA |
| QVSD_013736 | QVSD_013736 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013737 | QVSD_013738 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013740 | QVSD_013742 | Redacted | FERPA |
| QVSD_013301 | QVSD_013306 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013745 | QVSD_013745 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013748 | QVSD_013749 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

**QVSD Fourteenth Supplemental Discovery Responses**

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013750 | QVSD_013751 | Redacted | FERPA |
| QVSD_013752 | QVSD_013754 | Redacted | FERPA |
| QVSD_013755 | QVSD_013756 | Redacted | FERPA |
| QVSD_013757 | QVSD_013757 | Redacted | FERPA |
| QVSD_013758 | QVSD_013758 | Redacted | FERPA |
| QVSD_013759 | QVSD_013760 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013764 | QVSD_013764 | Redacted | FERPA |
| QVSD_013768 | QVSD_013771 | Redacted | FERPA |
| QVSD_013773 | QVSD_013775 | Redacted | FERPA |
| QVSD_013776 | QVSD_013776 | Redacted | FERPA |
| QVSD_013777 | QVSD_013777 | Redacted | FERPA |
| QVSD_013778 | QVSD_013778 | Redacted | FERPA |
| QVSD_013779 | QVSD_013779 | Redacted | FERPA |
| QVSD_013788 | QVSD_013788 | Redacted | Employee Privacy |
| QVSD_013790 | QVSD_013791 | Redacted | Employee Privacy |
| QVSD_013793 | QVSD_013794 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_013795 | QVSD_013795 | Redacted | FERPA |
| QVSD_013796 | QVSD_013938 | Redacted | FERPA |
| QVSD_013939 | QVSD_013939 | Redacted | FERPA |
| QVSD_013946 | QVSD_013946 | Redacted | FERPA |
| QVSD_013947 | QVSD_013947 | Redacted | FERPA |
| QVSD_013948 | QVSD_013951 | Redacted | FERPA |
| QVSD_013952 | QVSD_013953 | Redacted | FERPA |
| QVSD_013954 | QVSD_013954 | Redacted | FERPA |
| QVSD_013955 | QVSD_013956 | Redacted | FERPA |
| QVSD_013957 | QVSD_013957 | Redacted | FERPA |
| QVSD_013958 | QVSD_013958 | Redacted | FERPA |
| QVSD_013959 | QVSD_013960 | Redacted | FERPA |
| QVSD_013961 | QVSD_013961 | Redacted | FERPA |
| QVSD_013962 | QVSD_013962 | Redacted | FERPA |
| QVSD_013963 | QVSD_013966 | Redacted | FERPA |
| QVSD_013967 | QVSD_013970 | Redacted | FERPA |
| QVSD_013971 | QVSD_013971 | Redacted | FERPA |

Larson v. Quillayute Valley School District

QVSD Fourteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_013972 | QVSD_013972 | Redacted | FERPA |
| QVSD_013973 | QVSD_013973 | Redacted | FERPA |
| QVSD_013976 | QVSD_013977 | Redacted | FERPA |
| QVSD_013983 | QVSD_013984 | Redacted | FERPA |
| QVSD_013985 | QVSD_013990 | Redacted | FERPA |
| QVSD_013991 | QVSD_013998 | Redacted | FERPA |
| QVSD_014001 | QVSD_014002 | Redacted | FERPA |
| QVSD_014003 | QVSD_014004 | Redacted | FERPA |
| QVSD_014005 | QVSD_014006 | Redacted | FERPA |
| QVSD_014007 | QVSD_014007 | Redacted | FERPA |
| QVSD_014008 | QVSD_014009 | Redacted | FERPA |
| QVSD_014010 | QVSD_014010 | Redacted | FERPA |
| QVSD_014011 | QVSD_014011 | Redacted | FERPA |
| QVSD_014012 | QVSD_014013 | Redacted | FERPA |
| QVSD_014014 | QVSD_014014 | Redacted | FERPA |
| QVSD_014015 | QVSD_014021 | Redacted | FERPA |
| QVSD_014022 | QVSD_014022 | Redacted | FERPA |
| QVSD_014023 | QVSD_014026 | Redacted | FERPA |
| QVSD_014027 | QVSD_014030 | Redacted | FERPA |
| QVSD_014031 | QVSD_014032 | Redacted | FERPA |
| QVSD_014033 | QVSD_014039 | Redacted | FERPA |
| QVSD_014040 | QVSD_014040 | Redacted | FERPA |
| QVSD_014041 | QVSD_014047 | Redacted | FERPA |
| QVSD_014054 | QVSD_014054 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_014085 | QVSD_014085 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014086 | QVSD_014090 | Withheld | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014091 | QVSD_014091 | Redacted | FERPA |
| QVSD_014092 | QVSD_014093 | Redacted | Attorney-Client Privelege; Attorney Work Product; FERPA |
| QVSD_014094 | QVSD_014095 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014096 | QVSD_014097 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014098 | QVSD_014099 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014100 | QVSD_014101 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014102 | QVSD_014103 | Redacted | Attorney-Client Privelege; Attorney Work Product |

Larson v. Quillayute Valley School District

## QVSD Fourteenth Supplemental Discovery Responses

| Beginning No. | End No. | Privilege Basis | Privilege Reason |
|---|---|---|---|
| QVSD_014104 | QVSD_014104 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014105 | QVSD_014105 | Redacted | FERPA |
| QVSD_014106 | QVSD_014107 | Redacted | FERPA; Employy Privacy |
| QVSD_014108 | QVSD_014112 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014113 | QVSD_014114 | Redacted | FERPA |
| QVSD_014115 | QVSD_014116 | Redacted | Employee Privacy |
| QVSD_014117 | QVSD_014118 | Redacted | Employee Privacy |
| QVSD_014119 | QVSD_014120 | Redacted | Employee Privacy |
| QVSD_014121 | QVSD_014122 | Redacted | Employee Privacy |
| QVSD_014123 | QVSD_014123 | Redacted | FERPA |
| QVSD_014124 | QVSD_014125 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014149 | QVSD_014149 | Redacted | FERPA |
| QVSD_014150 | QVSD_014150 | Redacted | FERPA |
| QVSD_014151 | QVSD_014151 | Redacted | FERPA |
| QVSD_014152 | QVSD_014152 | Redacted | FERPA |
| QVSD_014153 | QVSD_014159 | Redacted | FERPA |
| QVSD_014168 | QVSD_014176 | Redacted | Personal Identifiable Information |
| QVSD_014198 | QVSD_014198 | Redacted | Personal Identifiable Information |
| QVSD_014199 | QVSD_014199 | Redacted | Personal Identifiable Information |
| QVSD_014201 | QVSD_014202 | Redacted | Attorney-Client Privelege; Attorney Work Product |
| QVSD_014203 | QVSD_014203 | Redacted | Personal Identifiable Information |