UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARI L. LARSON, | CASE NO. 3:24-cv-05716 |
| Plaintiff, | ORDER |
| v. | |
| QUILLAYUTE VALLEY SCHOOL DISTRICT No. 402, BRIAN WEEKES, and his marital community, KYLE WEAKLEY, and his marital community, | |
| Defendants. | |

THIS MATTER is before the Court on review of the parties' disputed jury instructions, Dkt. 179, and on its review of defendants QVSD ("the District") and Kyle Weakley's summary judgment motion, Dkt. 86.

The District's summary judgment motion successfully argued that plaintiff Larson's negligent supervision and retention claims were duplicative of her WLAD harassment claim against it, and that the negligence claims should therefore be dismissed. Dkt. 86 at 20 (citing *Coleman-Askew v. King Cnty.*, No. C15-994-MJP, 2016 WL 4399602, at *7 (W.D. Wash. 2016)). The Court granted that motion. Dkt. 146 at 43–45.

ORDER - 1

Larson did not assert a WLAD claim against Weakley (though her response to the District's summary judgment motion asserted that she had, Dkt. 112 at 20). *See* Dkt. 146 at 2 n.1 (citing Dkt. 20-1 at 9–10). Accordingly, the District's correct contention that Larson's WLAD and negligent supervision claims against it were duplicative did not apply to Larson's negligence claims against Weakley. And, because this "duplicity" was the only basis for Weakley's summary judgment motion on Larson's negligent supervision and retention claims against him, the Court denied his motion. Dkt. 146 at 45.

Weakley's portion of the parties' Joint Disputed Jury Instructions includes a new argument: "QVSD was the employer – not Weakley. That is undisputed." Dkt. 179 at 30.

The Court sought additional briefing on whether Larson could plausibly assert negligent supervision (and retention) claims against defendant Weakley. Dkt. 183. The parties did so. Dkts. 184 and 185.

Weakley repeats his contention that negligent supervision is "not itself a claim," but is instead a "mechanism for employer liability where the [tortfeasor] employee [acts] outside the course and scope of [his] employment[.]" Dkt. 179 at 29; Dkt. 184 at 1. But the authority he cites and quotes makes clear that it is recognized cause of action, based on the employer's own negligence, and it has four elements:

> **A claim of negligent supervision** has four elements: (1) the employee acted outside the scope of their employment; (2) the employee presented a risk of harm to others; (3) *the employer knew*, or in the exercise of reasonable care should have known, that the employee posed a risk to others; and (4) *the employer's failure to supervise the employee was a proximate cause of the harm.*

ORDER - 2

Dkt. 184 at 2 (citing *Bradley v Presteen*, 2004 WL 4624839 at *8 (W.D. Wash. 2025) (emphasis added)). Negligent supervision is a *direct* liability claim against the employer of a tortfeasor acting outside the scope of his employment, where the employer knew or should have known that he was a risk, and the lack of appropriate supervision was a cause of the harm the plaintiff suffered. It is based on the limited duty an employer owes to foreseeable victims in certain circumstances:

> Even where an employee is acting outside the scope of employment, the relationship between employer and employee gives rise to a *limited duty, owed by an employer to foreseeable victims*, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others. This duty gives rise to *causes of action for negligent* hiring, *retention and supervision*. Liability under these theories is analytically distinct and separate from vicarious liability. These causes of action are based on the theory that "such negligence on the part of the employer is a wrong to [the injured party], *entirely independent of the liability of the employer under the doctrine of respondeat superior*.

*Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48 (1997) (emphasis added).

The parties agree that Weekes acted *outside* the scope of his employment. Dkt. 184 at 2–3. Weakley's reliance on cases rejecting negligent supervision claims in favor of *vicarious* liability claims because the tortious employee acted *in* the scope of his employment are therefore not helpful. Dkt. 184 at 1 (citing *Earl on behalf of Salyers v. Campbell*, 34 Wn. App. 2d 632, 634 (2025)).

*Earl* itself explained the analytical difference between these sorts of claims:

> The causes of action for negligent hiring, retention, supervision and training are analytically different from vicarious liability. These claims arise when the employee is acting outside the scope of employment. They are based on the concept that the employer's *own* negligence is a wrong to the injured party, independent from the employer's liability for its employee's negligence imputed by the doctrine of respondeat superior. In fact, an

> injured party generally cannot assert claims for negligent hiring, retention, supervision or training of an employee when the employer is vicariously liable for the employee's conduct.

34 Wn. App. 2d at 653–54 (citing *Niece*, 131 Wn.2d at 47; *LaPlant v. Snohomish County*, 162 Wn. App. 476, 477-78 (2011); *Evans v. Tacoma School District No. 10*, 195 Wn. App. 25, 47 (2016)) (emphasis in original).

Similarly unpersuasive are cases reiterating the already-established point that a negligent supervision claim is subsumed in a WLAD claim where both are asserted against a given defendant. Dkt. 184 at 3 (citing *Delgado v. Honeywell Int'l, Inc.*, 2020 WL 6939633, at *9 (W.D. Wash. 2020)). But though she apparently intended to, and even though case and the jury instructions would be cleaner if she had, Larson did not assert a WLAD claim against Weakley. His argument that the negligence claims Larson did assert against him should be dismissed as "duplicative" of a WLAD claim she did not assert against him remains unpersuasive.

Instead, the narrow, threshold issue is whether one in Weakley's position—he was the District's assistant superintendent, Title IX coordinator, and athletic director; the person at the District charged with supervising its employee coaches, and Weekes' immediate supervisor—owes a duty to foreseeable victims of the employee's outside-the-scope-of-his-employment tortious conduct. Weakley does not cite any case directly addressing this issue. He simply states that "Weakley was not Weekes' employer." Dkt. 184 at 4. The issue is not that simple, or there would be a citation to some authority supporting the notion that only the actual employer owes the limited duty, and only the

ORDER - 4

employer is the proper defendant in a negligent supervision claim. Unfortunately, Larson[1] does not address this issue, either.

It is worth noting that in *Bradley*, an inmate sued the State and the Superintendent of the Monroe Correctional Complex (MCC) after he was stabbed by a fellow inmate. 2024 WL 4264839, at *1–2. The court dismissed on summary judgment the inmate's negligent supervision and retention claims against the Superintendent, not because he was "not the employer," but because the plaintiff provided no evidence that any MCC employee had acted outside the scope of his employment. *Id.* at *8–9. *Bradley* is not authority for the proposition that the plaintiff inmate's negligent supervision claim against the superintendent was not plausible from the start. *See also Thompson v. N. Am. Terrazzo, Inc.*, No. C13-1007RAJ, 2015 WL 926575, at *15 (W.D. Wash. 2015) (negligent supervision claims against individual defendants dismissed because there was "no evidence that [tortious employee] acted outside the scope of his employment").

Furthermore, the Court has already agreed with the District and Weakley that Larson's negligent supervision (and retention) claims are functionally identical to her WLAD claim (and thus, where both are asserted, the negligence claims must be dismissed). *See* Dkt. 146. It is beyond debate that a plaintiff may assert a WLAD claim against not only the employer, but also against supervisors and managers who discriminate in employment:

---

[1] Larson argues only that the Court already denied Weakley's summary judgment motion on her negligent supervision claims against him. She also cabins her negligence claims to Weakley's failure to supervise Weekes "post-complaint/post leave, and his failure to enforce restrictions and prevent continued access after notice." Dkt. 185 at 3.

> [S]upervisors, along with their employers, may be held liable under the WLAD for their discriminatory acts because RCW 49.60.040(3), by its very terms, encompasses individual supervisors and managers who discriminate in employment.

*Arthur v. Whitman County*, 24 F.Supp.3d 1024, 1037 (E.D. Wash. 2014) (citing *Brown v. Scott Paper Worldwide Co.,* 143 Wn.2d 349, 361–62 (2001)). If the claims are identical, it seems clear that one could assert them against not only the employer, but also against the supervisor charged with carrying out the employer's duty to foreseeable victims.

The Court will not *sua sponte* dismiss Larson's negligent supervision and retention claims against Weakley on this basis, on the eve of trial. It would entertain a motion to amend Larson's complaint to replace her negligence claims against Weakley with a WLAD claim against him. This would have no impact on the arguments, the evidence, or the stakes.[2] It would prejudice no party, and would streamline the Jury Instructions and the trial.

IT IS SO ORDERED.

Dated this 18th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

---

[2] Larson will not in any event be entitled to a double recovery even if she prevails on her claims against the District and Weakley.

ORDER - 6