UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARI L. LARSON,

Plaintiff,

v.

QUILLAYUTE VALLEY SCHOOL DISTRICT No. 402, BRIAN WEEKES, and his marital community, KYLE WEAKLEY, and his marital community,,

Defendant.

CASE NO. 3:24-cv-05716

ORDER

THIS MATTER is before the Court on the following motions, filed last night:

(1) Defendant Weakley's motion for reconsideration of

- the Court's Order, Dkt. 187, declining his invitation (contained in his objections to plaintiff Larson's proposed jury instructions, Dkt. 179) to dismiss Larson's negligence claims against him, based on the previously-unasserted argument that Weakley was not Weekes' employer. Dkt. 188 at 1; and

ORDER - 1

- The Order's invitation for Larson to amend her complaint to substitute her negligence claims against Weakley for a WLAD claim, suggesting that there was no apparent prejudice to Weakley, and that such an amendment would streamline the trial and the Jury Instructions. Dkt. 188 at 3–4.

(2) Weakley's Rule 60(b) motion for relief from the Court's summary judgment order, Dkt. 146, describing the Court's failure to grant summary judgment on an argument not made in the motion as a "mistake." Dkt. 188 at 5.

(3) Plaintiff Larson's motion for leave to file a second amended complaint, Dkt. 189.

The pretrial conference is today, and the trial begins March 31. The issues are addressed in less detail than the Court would ordinarily prefer.

First, the Court will not permit Larson to amend, although its prior Order suggested she could do so. The Court's suggestion of amendment in the interest of streamlining the case was based on Weakley's correct contention that, when asserted against the same defendant, a WLAD claim and a negligent supervision or retention claim are duplicative—functionally identical. Weakley fairly objects, accurately asserting the claims are *not* the same in one substantial respect: WLAD contains a fee-shifting provision, while common law negligence claims do not. The "stakes" would not be the same if Larson amended her complaint to assert a WLAD claim against Weakley; he would instead be plainly prejudiced by a change increasing the stakes for him, at this stage. Larson's motion to amend, Dkt. 189, is **DENIED**, and Weakley's motion for reconsideration on this point is **GRANTED**.

ORDER - 2

Second, the Court will not reconsider its ruling on the facial plausibility of Larson's negligence claims against Weakley. Weakley did not include this argument in his summary judgment motion. Dkt. 86. Nor did he address it (or Larson's claims against Weakley, at all) in his first proposed jury instructions, Dkt. 163. Indeed, absent the Court's minute order reminding the parties of their LCR 51 obligation to meet and confer and to *jointly* propose one set of disputed jury instructions with limited argument, the issue would likely not have arisen at all, Dkt. 168. Weakley's objections to the plaintiff's proposed jury instructions are not, and will not be construed as, an untimely Rule 12(b)(6) dispositive motion to dismiss Larson's claims against him as implausible.

Even if Weakley's arguments were contained instead in a timely motion to dismiss based on the implausibility of Larson's negligence claims against him, the Court would deny it on the briefing before the Court today. The Court's Order explained that, despite Weakley's unsupported contentions otherwise, Washington law plainly holds that negligent supervision is a cognizable, *direct* liability claim, based on the limited *duty* an employer *owes* to foreseeable *victims* of an employee's outside-the-scope tortious conduct, where it knows or should have known of the risk, and the failure to supervise is a cause of the plaintiff's harm. Dkt. 186 at 3.

Weakley's motion for reconsideration does not mention this discussion or this duty, does not address the opinions describing it, or explain why under Washington law it cannot as a matter of law apply to Athletic Director Weakley. He still does not cite *any* *authority* supporting his naked assertion that because "Weakley was not Weekes'

ORDER - 3

employer," Weakley did not owe the foreseeable victims any duty, and could not be negligent as a matter of law.

Instead, he contends only that "Mr. Weakley already sufficiently briefed why negligence instructions cannot be issued against him. That is adopted herein by reference." Dkt. 188 at 5. But the Court's prior Order already explained why this unsupported, conclusory assertion was *in*sufficient, particularly at this stage of the litigation. Dkt. 186. The Court will not reconsider its Order on Weakley's jury instruction objections, Dkt. 179. His motion for reconsideration on this point, Dkt. 188, is **DENIED**.

Third, Weakley's Rule 60(b) motion is **DENIED**. The District's and Weakley's summary judgment motion relied only on the oft-repeated argument that a negligence claim is duplicative of a WLAD claim. Dkt. 86 at 20 ("The Defendants are entitled to summary judgment dismissal on Larson's state-law negligent retention and supervision claims because they are duplicative of her discrimination claims.").

Defendants' summary judgment motion did not contain the argument upon which Weakley's jury instruction objections, Dkt. 179, and his Rule 60(b) motion, Dkt. 188 at 4–5, are now based: Weakley was not Weekes' employer.

The current motion rather boldly describes the Court's failure to grant summary judgment on this unasserted basis as a "mistake" warranting Rule 60(b) relief. But it does not address the fact that this argument was not contained in defendants' summary judgment motion. That, perhaps, was a "mistake." But the Court was not mistaken to deny summary judgment on an argument that was not raised in the summary judgment motion. Weakley again cites no authority for such a claim. Weakley has not established

ORDER - 4

that he is entitled to relief from the Court's summary judgment order under Rule 60(b). His motion on this basis is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5