UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARI L. LARSON,

                Plaintiff,

    v.

QUILLAYUTE VALLEY SCHOOL
DISTRICT No. 402, BRIAN WEEKES,
and his marital community, KYLE
WEAKLEY, and his marital community,

                Defendant.

CASE NO. 3:24-cv-05716

ORDER

THIS MATTER is before the Court on defendant QVSD's second motion for reconsideration, Dkt. 199. QVSD reiterates its position that because plaintiff Larson did not seek in discovery anything like the PRA materials QVSD recently obtained from the Clallam County Sheriff's office, and because the materials are not subject to Federal Rule of Civil Procedure 26(a)(1)(A) 's "lay down" provision, the District was and is not obligated to provide them to Larson. *Id.*

ORDER - 1

The materials apparently include a two-hour video-taped interview Larson gave to Clallam County Deputy Brandon Stoppani, and the text messages between Larson and defendant Weekes that the Sheriff obtained from Larson's phone.

QVSD continues to assert that the material is purely for impeachment, and not subject to advance disclosure under the Civil Rules. It also points out that Larson already has the texts; they are from her phone. She was present for the video interview and presumably knows what she said in it.

At the pretrial conference, the Court ordered QVSD to provide those materials to Larson, in part because she could authenticate them (thus obviating the need for QVSD to call an undisclosed witness to do so), and in part because Larson could obtain the information herself, albeit in a less efficient way. The issue was and is whether the Court would require QVSD to provide all the PRA material it obtained outside discovery, and which Larson did not address in discovery.

Larson responds that a defendant may not avoid disclosure of substantive evidence by broadly characterizing it as "only for impeachment." Dkt. 206 at 2. She argues, correctly, that the Civil Rules seek to avoid trial by ambush. *Id.* at 3–5. She asks the Court to reaffirm its pretrial conference ruling[1] that QVSD provide her the PRA materials. *Id*. at 6.

---

[1] The Court ordered: "I want anything that you received from the Sheriff's office to be produced to them, notwithstanding that you're saying you're using it only for impeachment purposes." Transcript of March 19, 2026 Hearing at 15.

ORDER - 2

But her response also confirms what QVSD suggested was the case: Larson does not want *all* the PRA materials, necessarily; she wants QVSD to specifically "designate" or identify those portions of the video (and text messages) that it intends to use at trial. And despite it being QVSD's motion, she asks the Court to rule that any PRA material "not produced *and designated* by the deadline is excluded, absent a showing of good cause and lack of prejudice." Dkt. 206 at 6–7.

The Court did not order QVSD to "designate" and share with Larson specific lines of her interview that it intended to use for potential impeachment, and it will not do so. QVSD has provided the text messages it obtained from the Sheriff's "mirroring" of Larson's phone, Dkt. 209, and the Court views that portion of the motion for reconsideration as moot. It will not order QVSD to identify which texts it intends to use for impeachment.

QVSD shall provide to Larson the video obtained through the PRA. QVSD need not identify which specific portions it may use for impeachment. QVSD's second motion for reconsideration is, to this extent, **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3