UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARI L. LARSON,

                    Plaintiff,

        v.

QUILLAYUTE VALLEY SCHOOL
DISTRICT No. 402, BRIAN WEEKES,
and his marital community, KYLE
WEAKLEY, and his marital community,

                    Defendants.

CASE NO. 3:24-cv-05716

ORDER

THIS MATTER is before the Court on two lingering pretrial issues: (1) defendant QVSD's opposition to providing plaintiff Larson "impeachment" material its attorney obtained from the Clallam County Sheriff under the Public Records Act, Dkts. 199, 200, 203, 206, 207, 208, 209, 212, 213, 214, 215, and 220; and (2) Larson's intention to use 2000 and 2006 correspondence from defendant Weekes' personnel file to impeach defendants Weakley's and QVSD's anticipated testimony that they acted reasonably in their supervision and discipline of Weekes, Dkts. 204, 205, 216, 217, 218, 219. Both

ORDER - 1

issues were raised in the parties' motions in limine and discussed at the pretrial conference.

As the Court has explained, it ordered the production of the PRA material for three overlapping reasons: Larson could obtain the material herself, Larson generated or received the material herself (meaning both that it would not be a surprise to her and that she could thus authenticate it), and pre-trial production would obviate the need for the District to call an undisclosed witness to authenticate the records.

The Court understands the District's amply briefed position that Larson did not seek her own phone records from the District in discovery, and that its intended use of Larson's texts or video interview to impeach her is not subject to Rule 26(a)(1)(A)'s laydown provision. Neither of these points alters the Court's analysis, or its conclusion. In retrospect, the Court's effort to facilitate the efficient, fair, and simple provision of the PRA material instead deprived Larson of the ability to scramble to obtain the material herself, mooting the District's objections to providing it to her directly. It is not clear why she did not ask for copies at the time she provided her phone or sat for the interview, or when she learned that attorney Bridges had made a PRA request, but it was not then too late for her obtain the information herself. It may be too late for her to do so now.

The District shall provide to Larson the PRA materials its counsel obtained from the Clallam County Sheriff's office by the end of Tuesday, March 31. The Court already explained that the District need not identify the specific texts it intends to use for impeachment. Dkt. 215 at 3. All motions and notices and arguments related to this issue are **DENIED**, and the Court will not entertain further objections on it.

ORDER - 2

Perhaps ironically, Larson's own evidentiary issue places her anticipated impeachment evidence (and the context in which she intends to use it) directly before the Court, and the District. She seeks to use old but on-point evidence from Weekes' personnel file to impeach Weakley's and the District's anticipated testimony that "they acted reasonably in their discipline and supervision of Weekes," Dkt. 204 at 1. She specifically asserts it is evidence rebutting any claim that Weekes complied with the District's written directives, including his 2019 letter of direction, his subsequent "leave with restrictions," *id.* at 6, and the 2024 "supportive measures plan," *id.* at 4. Larson contends that, given his past resistance to correction, Weekes foreseeably did not follow the plan, and Weakley and the District did not reasonably enforce it.

The Court concludes that the impeachment evidence is relevant to the District's or Weakley's knowledge, intent, and notice of Weekes' resistance, and that its probative value outweighs any unfair prejudice to the District or Weakley. Any unfair prejudice to Weekes can be minimized by a limiting instruction.

The Court is likely to permit the use of these documents for this sort of impeachment. The District's FRE 403 motion in limine No. 6, Dkt. 161 at 10, is, to this extent, **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3