UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARI L. LARSON,<br><br>Plaintiff,<br><br>v.<br><br>QUILLAYUTE VALLEY SCHOOL DISTRICT No. 402, BRIAN WEEKES, and his marital community, KYLE WEAKLEY, and his marital community,<br><br>Defendant. | CASE NO. 3:24-cv-05716<br><br>COURT'S FINAL INSTRUCTIONS TO THE JURY |

Dated this 8th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

INSTRUCTION NO. 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

INSTRUCTION NO. 5

You have heard testimony about “grooming” and that Defendant District has a “grooming” policy for students. There is no question, claim, or issue you will decide in this case that the issue of “grooming” bears on and you are to disregard and give no weight to testimony to the extent any witness may have expressed an opinion on it.

INSTRUCTION NO. 6

You have heard evidence involving conduct by Defendant Weekes in connection with some female student athletes. This evidence may be considered in your deliberation on Plaintiff's hostile work environment claim against Defendant District and negligence claims against Defendant Weakley, but you may not consider the evidence when deliberating on the retaliation claims.

INSTRUCTION NO. 7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

INSTRUCTION NO. 9

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question could be answered or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence supported or contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

INSTRUCTION NO. 12

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 13

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 14

Under the Washington Law against Discrimination (WLAD), harassment on the basis of sex is unlawful employment discrimination.

INSTRUCTION NO. 15

To prevail on her WLAD hostile work environment claim against the Defendant District, based on harassment on the basis of sex, Plaintiff has the burden of proving each of the following propositions:

(1) That there was language or conduct concerning sex

(2) That this language or conduct was unwelcome in the sense that Plaintiff regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Plaintiff's employment; and

(4) Either:

a. That a supervisor, owner, manager, partner, or corporate officer of Defendant District participated in the conduct or language; or

b. That management knew, through complaints or other circumstances, of this conduct or language, and Defendant District failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

c. That management should have known of this harassment, because it was so pervasive or through other circumstances, and Defendant District failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

INSTRUCTION NO. 16

A "supervisor" or "manager" is a person who has the authority and power to affect hours, wages, and working conditions. "Management" means one or more managers.

INSTRUCTION NO. 17

Defendant District contends that Larson cannot prove any of the elements of her hostile work environment claim, described in Instruction No. 15. It also contends that Defendant Weekes was not a supervisor.

If you find that Weekes was not a supervisor, Larson retains the burden of proving the remaining elements of her claim as described in Instruction No. 15, and the affirmative defense described in this instruction does not apply.

If you find that Weekes was a supervisor, Defendant District is entitled to assert an affirmative defense to Larson's hostile work environment claim.

To succeed on its affirmative defense, Defendant District must prove by a preponderance of the evidence each of the following elements:

(1) Defendant District exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

(2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If Defendant District proves these elements, you must find for Defendant District on Plaintiff's hostile work environment claim.

INSTRUCTION NO. 18

It is unlawful under WLAD for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of sex.

To prevail on her unlawful retaliation claim against Defendant District or Defendant Weekes, Plaintiff has the burden of proving the following propositions:

(1) That Plaintiff was opposing what she reasonably believed to be discrimination on the basis of sex; and

(2) That Plaintiff suffered an adverse employment action; and

(3) That retaliation was a substantial factor in motivating the adverse employment action.

In addition, to prevail on her unlawful retaliation claim against Defendant Weekes, Plaintiff also has the burden of proving that Defendant Weekes was a manager or supervisor of the District who was acting in the interest of the District, directly or indirectly.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for the Defendant on this claim.

Plaintiff does not have to prove that her opposition to discrimination on the basis of sex was the only factor or the main factor in the alleged retaliation, nor does she have to prove that it would have not occurred but for her opposition.

INSTRUCTION NO. 19

The term “adverse” means unfavorable or disadvantageous. An employment action is adverse if it is harmful to the point that it would dissuade a reasonable employee from making a complaint of harassment or retaliation. Whether a particular action is adverse is judged from the perspective of a reasonable person in the plaintiff’s position.

INSTRUCTION NO. 20

To prevail on her negligent supervision claim against Defendant Weakley, Plaintiff must prove:

(1) Defendant Weekes acted outside the scope of his employment;

(2) Defendant Weekes presented a risk of harm;

(3) the employer knew, or in the exercise of reasonable care, should have known, that Defendant Weekes posed a risk of harm to others; and

(4) the employer's failure to supervise Defendant Weekes was a proximate cause of Plaintiff's damage.

"Employer" includes any person acting in the interest of the employer, directly or indirectly, including a manager or supervisor.

INSTRUCTION NO. 21

To prevail on her negligent retention claim against Defendant Weakley, Plaintiff must prove:

(1) The employer had knowledge of Defendant Weekes' unfitness or failed to exercise reasonable care to discover unfitness before retaining him;

(2) Defendant Weekes proximately caused the resulting injuries; and

(3) Defendant Weekes was acting outside the scope of his employment.

"Employer" includes any person acting in the interest of the employer, directly or indirectly, including a manager or supervisor.

INSTRUCTION NO. 22

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Plaintiff, you must determine the amount of money that will reasonably and fairly compensate her for the damages you find were proximately caused by the acts of Defendant.

You should consider the emotional harm to Plaintiff caused by Defendant's wrongful conduct, including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure these harms. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

You may award damages only to compensate Plaintiff as described in this instruction. You may not award damages for the purpose of punishing any party. Plaintiff is not entitled to recover twice for the same damage, even if you find for her on more than one claim or against more than one defendant.

INSTRUCTION NO. 23

"Proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened. There may be more than one proximate cause of an injury.

INSTRUCTION NO. 24

Plaintiff has a duty to use reasonable efforts to mitigate her damages. To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

First, that the plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

INSTRUCTION NO. 25

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any

other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the Court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

INSTRUCTION NO. 26

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 27

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case,

the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

You may pass by in the halls a party or lawyer. You may not converse with them. They have been instructed not to speak with you. Smiles are permitted but not required. The same rule applies to passing a witness.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 29

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.